# CHARLESTOWN.

## KELLAM *v.* SAYER.

Submitted September 15, 1887.—Decided September 23, 1887.

1. CHANCERY PRACTICE.

   A suit in equity can not be brought in the name of one party for the use of another.

2. CHANCERY PRACTICE—PARTIES.

   Where a judgment at law was recovered in the name of A. for the use of B. and afterwards A. brought a chancery suit in his own name for the use of B., the judgment creditor, and B. was not a party to the suit, and a decree was rendered enforcing said judgment-lien, it was reversed for want of proper parties and remanded for such proper parties to be made.

*D. W. Polsley* for appellants.

*C. E. Hogg* for appellee.

JOHNSON, PRESIDENT:

The bill in this cause was filed for the purpose of setting

aside a sale under a deed of trust and to enforce a judgment-lien on the trust-subject, a valuable farm in Mason county, in April, 1886. The bill of complaint was by S. A. Kellam, "who sues for the use and benefit of D. P. Pinney," against D. C. Sayre, A. D. Sayre, C. E. Hogg, trustee, and J. L. Knight. The bill alleged fraud and collusion between the defendants the Sayres and Knight, whereby bidders were kept away from the sale under the deed of trust, which caused the land to sell for an inadequate price and the property to fail to bring sufficient to pay the trust-liens; and the Pinney judgment could not be reached. It was charged in the bill, that the conspiracy was to defeat Pinney's judgment and to permit the owner to redeem the land; which Knight afterwards denied, and the Sayres disclosed the fraud; and this suit is the result. The Sayres answered admitting the allegations and charges in the bill. Knight answered denying the said allegations and charges. Depositions were taken; and on the hearing the deed from the trustee to J. L. Knight, the purchaser, was declared fraudulent and void, and the liens ascertained, and the land ordered to be sold by commissioners appointed by the decree.

From this decree D. C. and A. D. Sayre appealed and assigned as error certain omissions of the court, among others that the sale should not have been ordered till the amount of the rents and profits of the land while in possession of Knight had been ascertained and credited on his trust-lien.

An inspection of the record discloses the fact, that D. P. Pinney, the judgment-creditor, was not a party to this suit. The suit is brought precisely as *Grove* v. *Judge*, 24 W. Va. 294, was brought. There the plaintiff, Grove, sued for the "use of Scherr and Vassler." Here the only plaintiff is Kellam who sues for the "use of D. P. Pinney," the judgment-creditor. In that case the Court said: "It is very clear, that Scherr and Vassler should have been made parties to the suit. There is no such thing in equity as bringing a suit in the name of one party for the use of another. Equity deals with the real parties in interest. At law sometimes a suit is brought in the name of the party, to whom the note or bond is executed, for the use of the real party in interest so as to give notice, to whom the debt is then due, and to whom it

should be paid, when the party, to whom it was executed has without written assignment transferred his interest to another, who holds the equitable title thereto. The proper way would have been for Sherr and Vassler to have brought the suit in their own name for the benefit of themselves and all other judgment-creditors of Daniel Judy." That was a creditors' bill; and for the want of proper parties the decree was reversed and the cause remanded for proper parties to be made to the bill. When the proper parties are not before the court, no proper decree can be made. D. P. Pinney was a proper and necessary party; and no decree should have been rendered in his absence.

For this reason alone the decrees rendered in this cause by the Circuit Court of Mason county on the 16th and 17th days of September, 1886, respectively are reversed.; and this cause is remanded to the Circuit Court of Mason county for said Pinney to be made a party plaintiff in the cause, and for further proceedings.

REVERSED. REMANDED.