THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE EQUITY GAS LIGHT COMPANY of the Eastern District of the City of Brooklyn et al., Appellants.

The attorney-general cannot maintain an action in the name of the People against a corporation, either under the Code of Civil Procedure (§ 1948) or as a matter of common law, to restrain the commission of a nuisance in a city street by a corporation, where local officials have authority to protect the street.

The jurisdiction of a court of equity to abate an existing and prevent a threatened nuisance upon application of the attorney-general, is limited to those public nuisances which affect and endanger the public safety or convenience and require immediate judicial interposition, and where the relief sought may not with equal facility be obtained by other constituted authorities and public officers.

Accordingly *held*, that an action brought by the attorney-general in the name of the People was not maintainable against an incorporated gas

light company, a contractor with it and one of its officers, to restrain the laying of gas pipes in a street in the city of Brooklyn, which was based on the ground that the corporate power of the company had ceased because of failure on its part to commence its business within the period prescribed by law, and that the work would be an injury to the highway and a nuisance.

(Argued January 16, 1894; decided February 6, 1894.)

APPEAL by the defendant, the Equity Gas Works Construction Company, from judgment of the General Term of the City Court of Brooklyn, entered upon an order made April 5, 1893, which affirmed an interlocutory judgment in favor of plaintiff entered upon an order of Special Term overruling demurrers by said defendant and the defendant John Devlin to the complaint.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*B. F. Tracy* for appellants. The complaint fails to state facts sufficient to constitute a cause of action. (*B. S. T. Co. v. Brooklyn*, 78 N. Y. 524; *People v. T. II. Co.*, 44 Barb. 633; *People v. N. T. R. & B. Co.*, 47 N. Y. 586; Code Civ. Pro. § 1498.) The provision of the Revised Statutes for a cessation, under certain conditions, of corporate powers, cannot be held to work a self-executing forfeiture in the present case. (*In re N. Y. E. R. R. Co.*, 70 N. Y. 338.) Whether the Equity Gas Light Company has given cause for the forfeiture of its charter depends upon chapter 144 of the Laws of 1874, and not upon the Revised Statutes. (*People v. Bowen*, 21 N. Y. 517; *In re B. E. R. Co.*, 125 id. 334.) The present action is not a proceeding in the nature of a quo warranto, and if it were, such an action cannot be employed to assail vested corporate rights. (Code Civ. Pro. §§ 1798, 1948; *People v. Bowen*, 21 N. Y. 517.) The acts alleged in the complaint are not an exercise of corporate rights, privileges or franchises. (*People ex rel. v. M. G. L. Co.*, 38 Mich. 154; *Slee v. Bloom*, 19 Johns. 358.) Whatever construction may be placed upon the act of 1874, the attorney-general has

no authority to prosecute this suit. (Laws of 1873, chap. 863, § 13; *People* v. *B. & O. R. R. Co.*, 117 N. Y. 150; *Atty.-Genl.* v. *M. R. Co.*, 125 Mass. 515; *Atty.-Genl.* v. *C. G. Co.*, 142 id. 417.) The facts stated in the complaint fail to show that the acts complained of constitute such a public nuisance as to justify the interference of a court of equity by injunction. (*Atty.-Genl.* v. *S. G. C. Co.*, 3 De G., M. & G. 304; *Kenney* v. *C. G. Co.*, 142 Mass. 117; *M. G. Co.* v. *Williamson*, 9 Heisk. 314; *People* v. *Horton*, 64 N. Y. 610; *Com.* v. *Passmore*, 1 S. & R. 219; *Wood* v. *Meers*, 12 Ind. 515; *Regina* v. *L. G. Co.*, 2 El. & El. 651–667; *Graves* v. *Shattuck*, 35 N. H. 257.)

*William C. De Witt* and *Jesse Johnson* for respondent. The authority under which the defendants claimed the right to construct their works in the city of Brooklyn had expired by virtue of an original and absolute limitation. (Laws of 1848, chap. 37; Laws of 1874, chap. 184, § 2.) The statute executed itself, and the corporation lost its corporate powers by failure to organize and commence the transaction of its business within the period prescribed, by force of the primal limitation. (*In re B., W. & N. Co.*, 72 N. Y. 245; 75 id. 335; 81 id. 69; *B. S. T. Co.* v. *City of Brooklyn*, 78 id. 524; *People* v. *Bowen*, 30 Barb. 24.) The rule in the *Winfield* case is to be applied only to such cases as come within the principle and justice of the rule, when separately examined, and the language of this court in *Matter of Application of B. E. R. R. Co.* (125 N. Y. 411) had no other or further significance. (*B. S. T. Co.* v. *City of Brooklyn*, 78 N. Y. 529.) The suggestion that the special act of 1874, relative to the company, appellant, by extending the term prescribed by the general statute, relieved the company from the defeasance is untenable. (*In re B., W. & N. R. R. Co.*, 72 N. Y. 245; *B. S. T. Co.* v. *City of Brooklyn*, 78 id. 524; *Campbell* v. *People*, 8 Wend. 639; *Chamberlain* v. *Chamberlain*, 43 N. Y. 438; Laws of 1874, chap. 144, §§ 1, 2.) The phrase " commence the transaction of its business," consists of plain English words, whose meaning cannot

be misunderstood, and the Equity Gas Light Company has been
in default in respect thereto, not merely for three years, but
for eighteen years. (Laws of 1848, chap. 37, § 18; *People* v.
*N. R. R. Co.*, 53 Barb. 98; *N. A. Co.* v. *Barlow*, 63 N. Y.
62; *More* v. *S. Ins. Co.*, 7 Paige, 294; *People* v. *Bowen*, 30
Barb. 24.) The People's action, upon the facts set forth in the
complaint, is maintainable in equity, as a matter of common
law. (*Kelsey* v. *King*, 32 Barb. 416; *Van Brunt* v. *Town
of Flatbush*, 128 N. Y. 55, 56, 57; *Lahr* v. *M. E. R. R. Co.*,
104 id. 292; *Barney* v. *Keokuk*, 94 U. S. 340; *Story* v. *E.
R. R. Co.*, 90 id. 155; *Crook* v. *F. W. W. Co.*, 29 Hun, 246;
*Ogden* v. *Gibbons*, 4 Johns. Ch. 150; *Atty.-Genl.* v. *C. Co.*, 6
Paige, 135; *People* v. *T. A. R. R. Co.*, 45 Barb. 63; *High*
on Injunctions, § 826; Wood on Nuisances, § 80; *People* v.
*Ballard*, 134 N. Y. 293.) This action and the judgment
herein are plainly authorized by the present Code. (Code
Civ. Pro. §§ 1948, 1955; *People* v. *Ballard*, 134 N. Y. 269.)

BARTLETT, J. The appeal is from a judgment of the gen-
eral term of the City Court of Brooklyn, affirming an inter-
locutory judgment of the special term, overruling demurrer
of the defendant, the Equity Gas Works Construction Com-
pany, to the complaint in this action.

This is a suit in equity brought by the attorney-general,
upon his own information, to restrain the defendants from
opening the streets of the city of Brooklyn and laying gas
pipes therein. The complaint alleges the incorporation of the
defendant, the Equity Gas Light Company, under an act of
1848, entitled " An act to authorize the formation of gas light
companies ; " also that its rights and powers were modified by
chap. 144, Laws 1874; that certain streets, described, in the city
of Brooklyn are public highways of the state of New York,
and are so used and occupied; that the said Equity Gas Light
Company has no right to lay pipes in any of said streets, for
the reason that its corporate powers long since ceased by fail-
ure to commence the transaction of its business within the
period prescribed by law; that defendant, the Equity Gas

Works Construction Company, claims the right to lay said pipes under a contract with the Equity Gas Light Company; that the defendant Devlin claims the right to lay said pipes by virtue of being an officer of said Equity Gas Light Company; that the Equity Gas Light Company and its officers are claiming the right through said Construction Company and Devlin to lay said pipes; that the claims and threats of the gas light company and of the other defendant are made under and by virtue of the articles of incorporation of said, the Equity Gas Light Company and the act of 1874, and that if the defendants are allowed to proceed great injury will be done to the highways of the People of the state and a nuisance created by the tearing up of the pavements, making the trenches and laying the pipes therein. The prayer for relief is that the defendants, and each of them, be enjoined and restrained from committing the said acts.

On the argument the counsel for the People devoted much time to a very able discussion of three questions, viz.: *First*, was the forfeiture under the charter of the Equity Gas Light Company self-executing; *second*, if so, had the corporation incurred the penalty of forfeiture by reason of failure to organize and commence the transaction of its business as required by law; and *third*, did the act of 1874 relieve the company from this forfeiture. Under the disposition we feel constrained to make of this case it is unnecessary to pass upon any of these questions. We are of opinion that this action cannot be regarded as brought under any of the provisions of the Code of Civil Procedure.

The court below held, and the counsel for the People in his argument here contended, that this action is maintainable under section 1948 of the Code of Civil Procedure, subdivision 3. The general term stated this conclusion was reached after some hesitation.

Section 1948 provides when quo warranto can be maintained as follows, viz.: "The attorney-general may maintain an action upon his own information or upon the complaint of a private person in either of the following cases:     *     *     *

"3. Against one or more persons who act as a corporation within the state without being duly incorporated, or exercise within the state any corporate rights, privileges or franchises not granted to them by the law of the state."

It is obvious from the bare reading of this section that the case at bar is not within its provisions. The section contemplates an action against individuals and not against corporations. This case is not in the nature of a quo warranto, but is a suit in equity to restrain the commission of an alleged nuisance by a corporation, its contractor and officer.

It is not averred that the Construction Company and Devlin are acting as a corporation without being duly incorporated, or are exercising any corporate rights, privileges or franchises not granted to them by the law of the state, but, on the contrary, it is specifically alleged that the Equity Gas Light Company, the Construction Company and Devlin are claiming to act under and by virtue of the articles of incorporation and the act of 1874. The present action must, therefore, be treated as a suit in equity to restrain the commission of an alleged nuisance.

The learned counsel for the People urged that if this action could not be sustained under section 1948 of the Code, subdivision 3, it is maintainable in equity, as a matter of common law. This brings us to the question in the case we regard as controlling.

It is familiar law that the People can maintain a suit in equity to abate a public nuisance in the highways of this state when the circumstances of the case show it involves the public safety or convenience. It is equally true that a court of equity will not interfere when the matter can be dealt with effectually by the local officials, to whom the state has delegated a portion of its authority.

This was held in *Attorney-General* v. *Metropolitan Railroad Co.* (125 Mass. 515).

The court said: "The jurisdiction of a court of equity to abate an existing or prevent a threatened nuisance, upon information filed by the attorney-general, is limited to those public

nuisances which affect or endanger the public safety or convenience, and require immediate judicial interposition. (*Attorney-General* v. *Tudor Ice Co.*, 104 Mass. 239.) The nuisance must be clearly established. (*District Attorney* v. *Lynn & Boston R. R. Co.*, 16 Gray, 242.) And the court will not interfere where the obstruction to the rights of the public is of such a character that it may with equal facility be removed by other constituted authorities and public officers. (*Attorney-General* v. *Bay State Brick Co.*, 115 Mass. 431, 438.)

" There must be a want of adequate sufficient remedy and the injury to public rights must be of a substantial character and not a mere theoretical wrong."

This same principle is sustained by the English cases. In *Attorney-Genl.* v. *The Sheffield Gas Consumers' Company* (3 De Gex, M. & G. 304) it was held that the disturbance of a pavement in a town by an unincorporated gas company for the purpose of laying down gas pipes was not such a nuisance as to warrant an injunction either upon a bill or upon an information.

In the case at bar the People have abundant remedy without coming into a court of equity.

The state has delegated to various officials acting under the present charter of Brooklyn ample power to protect and maintain the streets of that city.

We are, therefore, of opinion that the facts in this case do not warrant the intervention of the equitable powers of the court and the complaint must be dismissed as to the appellant, the Equity Gas Works Construction Company.

Judgment reversed and complaint dismissed as to defendant, the Equity Gas Works Construction Company, with costs.

All concur, except O'Brien, J., taking no part.

Judgment accordingly.