Filed February 19, 1896.

---

No. 1,827.

## INDIANA, ILLINOIS AND IOWA RAILWAY COMPANY
### *v.* RINEHART ET AL.

RAILROAD.—*Condemnation of Property for Right of Way.—Damages.—Drainage.—Roadbed.*—The diminution in the value of land from the failure to make adequate provision for drainage across the right of way, is properly considered in determining the damages sustained by condemnation of property for a railroad under the statute, where the roadbed is completed at the time of the trial, although the instrument of appropriation contained a stipulation for the construction of proper and sufficient drainage under the roadbed, for a breach of which the company would be liable.

MANDAMUS.—*Contractual Duty.*—Mandamus will not issue to compel the performance of a mere contractual duty by a corporation.

EMINENT DOMAIN.—*Railroad Right of Way.—Obligation Running with Land.*—The stipulation or agreement in an instrument of appropriation, filed by a railroad in condemnation proceedings under the statutes, to construct proper and sufficient drainage under the roadbed, is an obligation running with the land, and should be taken into consideration in determining the damages from the taking.

From the St. Joseph Circuit Court.

*A. L. Brick* and *A. Anderson,* for appellant.

*Weir & Weir,* for appellees.

LOTZ, J.—This was a condemnation proceeding commenced by the appellant against the appellees, to appropriate a right of way across a farm owned by the appellees in St. Joseph county.

On the 18th day of July, 1894, the railway company filed in the office of the clerk of the St. Joseph Circuit Court its instrument of appropriation, by which it took for its right of way, for its railroad extending from Knox, in Starke county, to the city of South Bend, in St. Joseph county, a strip of land one hundred feet wide across appellees' farm. Appraisers were appointed, and having examined the property, they allowed appellees $200 for the damages arising from the appropriation.

On December 26, 1894, the case being ready for trial the railway company asked leave to amend the instrument of appropriation, which, being granted, it amended the same so that a strip only ninety feet wide was taken, and it further amended the instrument, so that it was provided therein, among other things, that the railway company should "put in such bridges and tile drains as would be sufficient and proper drainage across said railway." The cause was tried by a jury and a verdict for appellees was returned in the sum of $325, upon which judgment was rendered.

The only assignment of error is the overruling of appellant's motion for a new trial.

The only causes for a new trial discussed by appellant's counsel relate to the action of the court in giving and refusing to give certain instructions to the jury.

It appears from the record and the evidence that the original instrument of appropriation contained no provision that the railway company should put in the bridges and drains. The railroad bed had been constructed at the time of the trial.

The original instrument of appropriation was filed before the railroad was built. The amendment was made afterward. The land through which the railroad passes was low and marshy. Without any provision for drain-

age under the roadbed the appellees' land would have been overflowed by such obstruction. In constructing the roadbed some provision was made for the water to pass through it. The appellant requested the court to give instructions one and four, which request was refused.

The first instruction is as follows:

"In the instrument filed by the plaintiff for the appropriation of the land of defendants, it is provided that the railway company will put in such bridges and tile drains as may be needed to give proper drainage across the right of way. This provision makes it obligatory on the plaintiff to afford proper, that is to say, good and sufficient drains to carry off the water from and drain defendants' land, and the plaintiff can be compelled hereafter to put in such drains and bridges as may be required to allow the water to flow across its right of way. I therefore instruct you that you cannot allow the defendants any damages on account of any anticipated obstruction to the drainage of defendants' land; *Provided, however,* if during the construction of the road, the drainage of defendants' land has been or may be temporarily obstructed, then you may allow defendants for such damages as have been suffered or may be hereafter suffered by defendants by reason of such temporary obstruction."

The fourth instruction requested by appellant and refused by the court, is as follows: "In the instrument filed by the plaintiff for the appropriation of land of defendants, it is provided that the railway company will put in such bridges and tile drains as are necessary to give proper drainage across the right of way. This provision makes it obligatory on the plaintiff to put in such bridges and tile drains as may be needed to give the defendants proper drainage, and the plaintiff can

be compelled to put in such bridges and drainage. I therefore instruct you that you should not allow to the defendants any damages on account of such future damages as may hereafter arise on account of the failure of plaintiff to put in such bridges and drainage."

Instead of giving the instructions requested, the court instructed the jury on this subject as follows: "In the instrument of appropriation filed July 18, 1894, by the railway company, it is provided that the railway company will put in such bridges and tiles as may be needed to give proper drainage across the right of way. This provision made it obligatory on the company to put in such bridges and tile drains as might be needed to give to the landowner proper drainage across the right of way. If you find from the evidence that the railway company, for the purpose of carrying out this provision, has constructed a bridge or bridges, or tile drains, that will afford the landowner proper facilities for such drainage, you will consider them as affecting the landowner's claim for such damages and as obviating or reducing such damages to the extent that they will serve that purpose. But, if you find from the evidence the railway company has, at the time of this trial, finished and completed its roadbed on the land taken without adequate provision for drainage across its right of way, and without such bridges or tile drains as you may find from the evidence to be requisite for that purpose, you may, to the extent of such failure, consider what, if any, diminution in value of the land in question for that reason has been and will be caused by the construction and operation of the road."

In instruction number five, the court charged the jury that the plaintiff was entitled to consider the obstruction to drainage; and it stated to the jury that if, in consequence thereof, the value of the land will be

diminished, the defendants should be allowed for the same.

The appellant had the right to amend the instrument of appropriation, and to put into it the stipulation or agreement to construct proper and sufficient drainage under the roadbed, and such stipulations and obligations running with the land, should be taken into consideration in determining the damages. *Chicago, etc., R. W. Co.* v. *Jones*, 103 Ind. 386.

We are of the opinion that the instructions requested are erroneous in assuming that the appellant could be compelled thereafter to put in such drains and bridges as may be required to allow the water to flow across the right of way.

The obligation assumed by the appellant in the instrument of appropriation is more in the nature of a contractual one than of a duty imposed by law. At the least it is not a duty specifically enjoined by law. Mandate will lie against a private corporation to compel the performance of an act specially enjoined by law, and when there is no other adequate remedy "duties imposed on a corporation not by virtue of express law, nor by the conditions of its charter, but arising wholly out of contract relations, will not be enforced by *mandamus*, since the use of such writ is limited to the enforcement of obligations imposed by law. Where the duties of a corporation, or its trustees, grow out of a result from matters of contract, writs of mandate will not lie against the corporation or its trustees, either in their corporate capacity or as individuals, to compel the performance of the contract, but the party aggrieved will be left to the ordinary remedies, either at law or in equity." *State, ex rel.,* v. *Trustees, etc.,* 114 Ind. 389 (396); *Harrison School Tp.* v. *McGregor*, 96 Ind. 185; High Extraordinary Legal Rem., section 277; Merrill

Mandamus, section 163; section 1182, R. S. 1894 (section 1168, R. S. 1881).

The appellant however would be liable for damages if it should violate the stipulations. *Lake Erie, etc., R. R. Co.* v. *Lee,* 14 Ind. App. 328.

A breach of such stipulations and the damages flowing therefrom were not necessarily involved in the proceedings to appropriate.

But in this case the appellant put a construction upon the stipulation. It determined for itself what it was required to do under its obligation and made provision for some drainage. It had voluntarily executed its obligation and complied with the same, as it understood it.

The jury, in determining the damages, had the right to consider the existing conditions of the land brought about by the acts of the appellant, and upon the basis that it had complied with the stipulation.

There was no error in the action of the court in giving or refusing to give the instructions named.

Judgment affirmed.

REINHARD, J., concurs in the result.

Filed March 12, 1896.

NOTE.—As to the mitigation of damages in condemnation cases by preserving to the land-owner an estate, rights, or easement in respect to the property, there is a review of the authorities in a note to *St. Louis, K. & N. W. R. R. Co.* v. *Clark* (Mo.), 26 L. R. A. 753.

## CONCURRING OPINION.

DAVIS, J.—The stipulation in the instrument of appropriation on this question is that the company "will put in such bridges and tile drains as are sufficient to give proper drainage across the right of way." There is no stipulation that the company will put in such bridges or tile drains as may be necessary for the drain-

age of the lands adjacent to the right of way, or that said drains shall be sufficient for the use of said owners.

There being no express stipulation for such bridges and tile drains for the use of the owners or drainage of adjacent lands, and there being no sufficient bridges and tile drains in fact constructed, the jury had the right to consider the absence or insufficiency of such bridges and tile drains in the assessment of damages.

I therefore concur in the affirmance of the judgment of the trial court, but whether such stipulation, if made, can be enforced by mandate, it is not necessary to determine.

Filed March 12, 1896.