## DEITRICK v. BOARD OF COMMISSIONERS OF PARKE COUNTY.

[No. 4,044.   Filed December 12, 1901.]

HIGHWAYS.—*Construction of Free Gravel Roads.—Payment for Extras.— Authority of County Commissioners.*—Under the gravel road act of 1893 and acts amendatory thereto (§§6924–6957 Burns Supp. 1897), the board of county commissioners acts as the enforced agent of the taxpayers within the taxing district, and the bonds issued do not constitute a debt against the county, but against the taxpayers of the taxing district.  The board of commissioners, therefore, has no authority to make an allowance from the county funds for extra work done at the instance of the board.  *pp. 83–86.*

SAME.—*Construction of Free Gravel Roads.—Extras.—Compensation.—* In an action against the board of county commissioners on a claim against the county for extras filed by one who contracts to build a free gravel road, the plaintiff is not entitled to an order against such commissioners requiring them to issue additional bonds and levy an additional tax to raise a fund sufficient to pay the claim. *pp. 86–88.*

From Parke Circuit Court; *A. F. White*, Judge.

Action by William A. Deitrick against the Board of Commissioners of Parke county to collect claim for extras in the construction of gravel road.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*J. M. Johns* and *I. L. Wimmer*, for appellant.
*S. D. Puett* and *J. S. McFadden*, for appellee.

WILEY, J.—The requisite number of freeholders of Washington township, Parke county, petitioned the board of commissioners, praying for the construction of a free gravel road in said township.  The petition was filed and the proceedings were had under the act of March 3, 1893, and the amendments thereto, approved February 7, 1895. So far as the record shows, all the requirements of the statute were followed, and the contract for the construction of the road was let to appellant.  He entered into a contract with the board of commissioners for constructing the road, and gave a bond for the faithful performance of the

contract.  He completed the road and was paid the full
contract price for the work.  He afterwards filed a claim
before the board for extra work.  This claim was in the
form of a complaint, in two paragraphs.  The board of com-
missioners disallowed his claim and from this action he ap-
pealed to the court below.  In the latter court a demurrer
to his complaint was sustained.  He refused to plead fur-
ther and suffered judgment for costs.  Sustaining the de-
murrer to each paragraph of complaint is assigned as error.

It is important to notice first the salient features of the
statute under which the gravel road was constructed.  Sec-
tion 1 provides that fifty freeholders, being citizens of a
township, may petition for the road; that the question of
constructing the road shall be submitted to the voters of
the township; that if a majority of the voters favor the im-
provement, the board shall at once proceed to its construc-
tion.  This section provides, however, that before an elec-
tion is held, a surveyor or engineer and two disinterested
freeholders shall be appointed as viewers, whose duty it
shall be to estimate the cost of construction, etc., and make
report thereof.  The statute further directs that the view-
ers shall report plans, plats, and profiles of the proposed
road.  Section 5, as amended in 1895, provides that for the
purpose of raising money to pay for such construction, the
board of commissioners shall issue the bonds of the county
for the full amount of the contract, and to meet the pay-
ment of such bonds a tax shall be levied upon the property
of such township annually.  It is also made the duty of the
board to appoint a superintendent to supervise the construc-
tion.  As to the several provisions of the statute cited, see
acts 1895, p. 143, §§6924-6957, Burns Supp. 1897.

In his first paragraph of complaint, appellant avers that
he made a contract to construct the road for $4,993; that
a superintendent was appointed; that he completed the
work in accordance with the contract, plans, and specifica-
tions, and to the acceptance of the board; that he did extra

work not provided for by his contract; that said extra work was done at the instance and request of appellee, and that said extra work was of the value of $433.67.

In the second paragraph of complaint, appellant sets out in detail the various steps taken leading to the consummation of the work. Among other things, it is averred that according to the plans and specifications, it required 6,020 yards of gravel to complete the road; that appellant made his bid of $4,993, and entered into said contract to place said amount of gravel on the road, and by direction and order of appellee and its superintendent, appellant was required to place on the road 6,716⅔ yards of gravel, and that the extra amount put on was of the value of $433.67.

It is further charged that in the original estimate of the costs for the construction of the road, the viewers included $400 to pay for extra work, and that said sum was included in the total costs, as originally determined by the engineer and viewers, which was estimated by them at $6,009.12. It is also averred that said extra work was necessary by reason of oversight and unforeseen causes at the time the viewers and engineer made their original estimate and report; that according to said original estimate, the cost of constructing said road was $6,009.12, and that that amount was voted, authorized, and appropriated by the voters and tax payers therefor; that appellant's bid for doing said work, exclusive of extras, was $4,993, and that the balance of said original estimated cost, amounting to $1,016.12, remains unexpended. The prayer of this paragraph of complaint is for an allowance or judgment for $433.67, and for "an order issuing a bond or bonds and levying a sufficient tax * * * to pay said bonds or allowance," etc.

It is important, in the first place, to determine in what capacity the board of commissioners act in constructing a free gravel road, under this statute, and whether or not by so acting they incur any liability on the part of the county. It is now firmly established in this State, that the board of

commissioners, while acting upon a petition for a free gravel road, and in making all orders pertaining thereto, act as the enforced agent of the tax payers within the taxing district, and that the bonds issued to create funds out of which the costs of construction are paid do not constitute a debt against the county. Also, that where a free gravel road is constructed under the act of 1893, and the amendatory acts thereto, bonds issued constitute a debt against the tax payers, and for which only their property is liable. *Walker* v. *Board, etc.*, 11 Ind. App. 285; *Board, etc.*, v. *Harrell*, 147 Ind. 500, and authorities there cited; *Board, etc.*, v. *Reeves*, 148 Ind. 467. It is clear, therefore, that there is no liability on the part of the county, and that appellee was fully justified in refusing to make an allowance to appellant in satisfaction of his claim.

The only remaining question is, was appellant entitled, under the averments of his claim or complaint, to have an order issued against the board requiring them to issue additional bonds and levy an additional tax against the taxable property in the township, to raise a fund sufficient to pay his claim? We are inclined to the view that appellant proceeds upon an erroneous theory. If we properly construe the second paragraph of the complaint, it proceeds upon the theory that because the viewers estimated originally that the costs of constructing the road would be $6,009.12, and the voters of the township voted in favor of the proposition to construct the road upon the basis that it would cost $6,009.12, they thereby appropriated that sum for that specific purpose, and that the difference between that amount and the contract price is still available. This position is not tenable. Appellant agreed to build the road for $4,993, and entered into a contract on that basis. The statute authorized the board of commissioners to issue the bonds of the county "for the full amount of the contract." This they did, and from the funds raised by the sale of the bonds, appellant was paid the full contract

price.   The statute under which this road was built makes
no provision for the payment for any extra work in the con-
struction of a free gravel road.   It provides simply for
plans, specifications, and profile and an estimate of the
costs; it requires that bids for the construction be invited,
and that the contract shall be let to the lowest responsible
bidder.   The legislature wisely guarded against possible
wrongs to the tax payer by omitting to inject into the stat-
ute any provision for extra work.   Appellant was bound to
know the limit and extent of the powers of the board of
commissioners, and that beyond the power conferred upon
them by statute, they could not go.   *Board, etc., v. Fertich*,
18 Ind. App. 1.   They could not create a liability against
the county in such proceedings.

Again, appellant has not shown in his complaint that
any changes in the plans, specifications, etc., were made by
the board or the engineer that would require extra work,
or that there were any special unexpended funds in the
county treasury, as proceeds of the sale of bonds, out of
which his claim might be paid.   On the contrary, he shows
that all the funds realized from the sale of bonds were ex-
hausted in the satisfaction of his contract.   As the county
is not liable as a debtor, under the authorities cited, it is
clear that appellant has no claim against it.   As we have
seen, under this special statute, no provision is made for
extra work and none for additional assessments.   Under
the general law of 1877 pertaining to the construction of
free gravel roads, the statute provides for additional assess-
ments where the original assessments prove inadequate.
§6858 Burns 1901.   In construing this section, the Su-
preme Court has repeatedly held that additional assessments
may be made upon notice and a proper showing.   *Kline v.
Board, etc.*, 152 Ind. 321, and authorities there cited.

As to whether or not upon a proper showing, and direct
proceeding by mandate, the board of commissioners could
be compelled to levy an additional tax and issue additional

bonds for the purpose of raising funds with which to pay appellant's claim, we do not decide, for no such question is properly presented to us.

We are clearly of the opinion that he is not entitled to this relief in this proceeding, which must be regarded in the light of a claim filed against the county and an appeal from the action of the board in disallowing it. The demurrer to the complaint was properly sustained. Judgment affirmed.