## King et al. v. Board of Commissioners of the County of Martin.

[No. 4,960.   Filed December 8, 1904.]

1.   Highways.—*Free Gravel Roads.—Cost of Building.—Who Liable.*
—The indebtedness created by the construction of a free gravel road is not that of the county or township, but of the persons assessed for the construction thereof.   p. 233.

2.   Mandamus.—*Free Gravel Roads.—Payment for Construction.—Board of Commissioners.*—Where contractors have built a free gravel road according to plans and specifications, and the board of commis-

sioners refuse to pay for such work, the remedy of such contractors is mandamus against such board, and not a suit against such county for the recovery of the sum due. p. 234.

From Orange Circuit Court; *T. B. Buskirk,* Judge.

Action by Carolus C. King and others against the Board of Commissioners of the County of Martin. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*J. A. Padgett, A. J. Padgett* and *McCormick & Gilkerson,* for appellants.

*Fabius Gwin, T. J. Brooks* and *W. F. Brooks,* for appellee.

ROBY, J.—The question for decision is whether appellants' complaint stated facts sufficient to constitute a cause of action. A demurrer to it was sustained in the trial court, and, the plaintiff refusing to plead further, judgment was rendered for the defendant.

The substance of the complaint is that appellants, as partners, on December 9, 1898, entered into a written contract with the board of commissioners of Martin county for the improvement of certain public highways, and were to receive as compensation for making such improvements $23,595.80; that the work was to be done in accordance with the specifications and plans on file in the auditor's office of said county, to be commenced within ten days after the sale of bonds by the treasurer, to be completed on or before the 9th day of September, 1899; "that thereafter, on the ——— day of ———————, 1898, said board of commissioners issued the bonds of said county for and in the amount of $23,595.80 for the purpose of providing funds out of which to pay for said improvements, which bonds were thereafter sold by the treasurer of said county for a premium of $50, and the proceeds thereof placed in the hands of said treasurer as a fund for such purpose." Plaintiffs, within the time specified, commenced said work, and thereafter made such improvements, and completed seven

out of eight highways specified in the contract. The contract price of road number three was $3,750.54, its length 12,382 feet. A part of such highway was to be graded and improved with gravel and stone, a culvert constructed, and a part thereof graded and improved "along and over certain parts of the right of way of the Baltimore & Ohio Southwestern Railroad Company at points between the station of said company at Shoals and the station at Ironton." Plaintiffs commenced the work of improving said road, graded 8,882 feet, put on stone as required for a distance of 6,300 feet, did work on the remaining 3,500 feet of said road to the value of $75, and were proceeding to complete the same, when said railroad company instituted an action against them, which resulted in a perpetual injunction restraining them from interfering with the fill on the right of way, and from cutting or excavating any part thereof. The work done up to the time of such injunction was of the value of $3,400. "By reason of said injunction, without any fault of the plaintiff, they were unable to complete said road." They have received on account of such work the sum of $2,554.49, being eighty per cent. of the value of the work as estimated by the engineer in charge. They aver that there is due and owing to them on account of the work done on said road, according to such estimate, the further sum of $845.51; that they filed a claim with the auditor of said county, which claim was by the board of commissioners rejected, and said board refused to allow anything for said work; that there is now in the hands of the treasurer an unexpended balance of the proceeds of the sale of said bonds and of said fund amounting to $1,231.13. Wherefore, etc.

1. The proceeding for the construction of the road was governed by the act of 1893 (Acts 1893, p. 196) as amended in 1895 (Acts 1895, p. 143). By section three of the act of 1895 it is provided that the county treasurer shall sell bonds, and that the proceeds shall be kept as a

separate and specific fund to pay for the construction of the particular road for which the bonds are issued, and that the treasurer shall pay such moneys to the contractor upon warrant of the auditor as directed by the board of commissioners. The indebtedness created by the construction of such road is not the indebtedness of the county, nor of the township constituting the tax-paying district, but is the indebtedness of the persons assessed for its construction. *Board, etc.,* v. *Harrell* (1897), 147 Ind. 500.

It is the duty of the commissioners to order the payment, but no payment in excess of eighty per cent. of the engineer's estimate of the work done by the contractor shall be made, and payment of the whole amount of the contract can not be made "until the road shall have been received as completed by the board of commissioners." Acts 1895, §3, *supra.*

In *Little* v. *Board, etc.* (1893), 7 Ind. App. 118, the contractor for the construction of a free gravel road filed his claim before the board of commissioners for extra material and expense. It was held that the action could not be maintained.

In *Deitrick* v. *Board, etc.* (1901), 28 Ind. App. 83, the contractor for the construction of a free gravel road under the acts of 1893, 1895, *supra,* filed a claim before the board for extra work, which was disallowed. He appealed to the circuit court, and a demurrer was sustained to his complaint. It was held that there was no liability on the part of the county. That the county is not liable for the cost of constructing the road is elsewhere decided. *Kline* v. *Board, etc.* (1899), 152 Ind. 321-325.

2. In the case at bar it appears that a fund is in the hands of the treasurer, available for the payment of the contract price for the construction of the road. When the contract is performed by the completion of the road, the law enjoins the duty upon the board of receiving the same, and directing the auditor to issue the warrant upon which final

payment is made. The duty thus enjoined by law is specific. No other adequate remedy exists, and the remedy by mandamus is therefore appropriate. §1182 Burns 1901, §1168 R. S. 1881; *State, ex rel.,* v. *Board, etc.* (1893), 136 Ind. 207. "The case falls within the rule that a ministerial officer who has in his hands a specific fund may be compelled by mandamus to make lawful distribution of the fund." *Ingerman* v. *State, ex rel.* (1890), 128 Ind. 225-227.

Appellants seek recovery of part of the specific fund because of facts which they aver excuse further effort by them to complete the contract. If a contingency has arisen upon which it becomes the duty of the officers to pay, and they refuse to do so, the remedy is not to sue the county, but to compel the officers to act. Whether the facts averred are sufficient to require such action is a question not presented by this appeal.

Judgment affirmed.