## STATE OF INDIANA, EX REL. TOWN OF SELMA, v. LIBERTY TOWNSHIP, DELAWARE COUNTY.

[No. 7,541.   Filed April 17, 1912.]

1. PLEADING.—*Demurrer for Want of Facts.—Right of Plaintiff to Maintain Action.*—A demurrer for want of facts challenges the authority or right of the plaintiff to maintain the action stated in the pleading to which it is addressed.   p. 210.

2. ACTIONS.—*Action by Town to Recover Taxes Withheld by Township.—Real Party in Interest.—Right to Maintain in Name of State, ex rel.*—The right to maintain an action to recover taxes alleged to be wrongfully withheld by a township from a newly incorporated town within the township, in the absence of any statute authorizing the bringing of such action in the name of the "State, ex rel.", is controlled by §§251, 252 Burns 1908, §§251, 252 R. S. 1881, requiring every action to be prosecuted in the name of the real party in interest, except as therein otherwise provided, so that where such action was brought in the name of the State, ex rel., a demurrer to the complaint for want of facts was properly sustained.   pp. 211, 213.

3. EQUITY.—*Suits.—Real Party in Interest.*—As a general rule a suit in equity must be prosecuted in the name of the real party in interest.   p. 213.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by State of Indiana, on the relation of the Town of Selma, against Liberty Township, Delaware County.   From a judgment for defendant, the relator appeals.   *Affirmed.*

*J. Frank Mann,* for appellant.

*George H. Koons* and *George H. Koons, Jr.,* for appellee.

HOTTEL, J.—Prior to the year 1907, when it was incorporated, the town of Selma, Indiana, was an unincorporated town, and a part of Liberty township, Delaware county, for all governmental purposes.   In that year the tax levy for road and township purposes was levied against all the property of the township, including that in the town of Selma, and was collected by the county treasurer, and paid over to the township trustee.   This is a suit in equity to require the

payment to said town of Selma of such part of said taxes as was paid by its citizens.

A demurrer for want of facts was sustained to appellant's complaint, and alleged error in such ruling is the only question here presented.

The complaint, after alleging the facts with reference to the incorporation of said town and the levy of the tax in 1907, further avers that in accordance with said tax levy of 1907 there was collected by said county treasurer of Delaware county from owners of property situated in said incorporated town of Selma and paid to defendant township, the following sums, viz.:   On account of the levy for township purposes, $75.24, on account of the levy for road purposes, $153.24.   The election of the trustee of said township, and the turning over of said funds to him as the custodian thereof, are alleged, together with other averments showing that appellee was not authorized to expend any part of the sums so collected for the benefit of appellant; that appellee has incurred no obligations or indebtedness chargeable against said funds, or either of them, for any portion of which the property in said town would be chargeable, or which were incurred for the benefit of appellant, or the property situated within its boundaries; that appellant has regularly made demand through its clerk for said taxes, which demand has at all times been refused by appellee; that the sums so demanded are wrongfully withheld from appellant by appellee; "wherefore, the plaintiff demands judgment against the defendant in the sum of two hundred and fifty dollars, and all proper relief."

The question presented which should be first considered is the authority of appellant to maintain this suit.   In this connection it is insisted by appellant that the demurrer stated but one ground, viz., that the complaint did not state facts sufficient, and that this raises no question as to defect of parties.   It is true that a defect of parties plaintiff, apparent

on the face of the complaint, constitutes the fourth ground of demurrer under §344 Burns 1908, §339 R. S. 1881, as appellant contends, but as we view the question here presented, it is not one of defect of parties, but one involving the right of the plaintiff to maintain the action.

It has been held frequently by this court and the Supreme Court, that a demurrer for want of facts challenges the authority or right of the plaintiff to maintain a suit 1. on the cause of action stated in the pleading, to which such demurrer is addressed. *State, ex rel.,* v. *Karr* (1906), 37 Ind. App. 120, 122, 76 N. E. 780; *Farris* v. *Jones* (1887), 112 Ind. 498, 503, 14 N. E. 484; *Pence* v. *Aughe* (1885), 101 Ind. 317; *Wilson* v. *Galey* (1885), 103 Ind. 257, 2 N. E. 736; *Walker* v. *Heller* (1885), 104 Ind. 327, 3 N. E. 114; *Frazer* v. *State* (1886), 106 Ind. 471, 7 N. E. 203; *Kinsley* v. *Kinsley* (1898), 150 Ind. 67, 69, 49 N. E. 819; *Martin* v. *Caldwell* (1911), 49 Ind. App. 1, 96 N. E. 660.

In this connection it is insisted by appellee: (1) That "the State　*　*　*　cannot espouse the cause of, or lend its aid to the Town of Selma in an attempt to enforce a mere equity or equitable right as against Liberty township." (2) That "the writ of mandate is only used to enforce obligations imposed by law, and not those arising out of contract." In support of this last proposition appellee cites *State, ex rel.,* v. *Trustees, etc.* (1888), 114 Ind. 389, 16 N. E. 808; *Indiana, etc., R. Co.* v. *Rinehart* (1896), 14 Ind. App. 588, 43 N. E. 238, and *Vandalia R. Co.* v. *State, ex rel.* (1906), 166 Ind. 219, 76 N. E. 980, 117 Am. St. 370. (3) That "mandate is the proper remedy to compel an officer to perform an official duty, and any person having an interest in the matter may apply for the writ." In support of this proposition appellee cites *Henderson* v. *State, ex rel.* (1876), 53 Ind. 60; *Holliday* v. *Henderson* (1879), 67 Ind. 103; *State, ex rel.,* v. *Spinney* (1906), 166 Ind. 282, 76 N. E. 971, and *King* v. *Board, etc.* (1904), 34 Ind. App. 231, 72 N. E. 616.

State, ex rel., *v.* Liberty Tp., etc.—50 Ind. App. 208.

Appellee's said second and third propositions are supported by the authorities cited, and, as we understand, are not disputed by appellant. It is contended by appellant, in this connection, that the complaint does not proceed on the theory of appellant's right to mandate appellee to pay the money sued for; but that, on the contrary, its averments show that "no right of action by mandate rests in appellant," because such writ "will not be issued by a court to require the payment of a sum of money to another until the amount alleged to be due has been determined by a judicial tribunal, or by some officer authorized by law to determine the same."

Appellant's contention, that the complaint does not proceed on the theory of a right of action by mandate, is correct, but this furnishes no ground or reason for appellant's right or authority to sue as it does. If in fact this action were one to compel by mandate the officer having custody of said funds to turn the same over pursuant to some statutory requirement or mandate, there might then be reason and authority for bringing the action in the name of the State, ex rel., but no such reason or authority exists for bringing the action relied on in this complaint. It is conceded by appellant that it has no legal right, given either by statute or contract, to the funds sued for, but that its right is wholly equitable. The complaint shows no right of ownership in the State to any of the funds sued for, nor does it show that the State has any interests in any part of said funds, nor that the retention of said funds is in violation of any law of the State. While we have been unable to find a case presenting the exact question here presented, we think the question under consideration is controlled by §§251, 252 Burns 1908, §§251, 252 R. S. 1881. Said §251 is as follows:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

The "next section" referred to, viz., §252, furnishes no authority for bringing actions of the character set out in this complaint in the name of the "State, ex rel.".

In the case of *State, ex rel.,* v. *Shively* (1882), 10 Or. 267, the Supreme Court of that state said: "And the question which confronts us at the threshold of our inquiry, is the right of the relators to carry on a litigation in the name of the state for the objects sought by the suit, and the authority of the court, in a case so constituted, to adjudicate upon it. For it will hardly be asserted, if the subject-matter of the litigation concerns the rights of private parties only and exclusively, and the state has no direct interest in the prosecution or result of the suit, that state interference in such controversies ought not to be countenanced, or tolerated, either directly or upon the relation of private parties. When a remedy is provided, either at law or in equity, complete and adequate, by which matters in dispute between private parties may be adjusted and settled, that remedy must be pursued by them; the state cannot lend the power of its name, or invidiously assume and champion the cause of one private citizen against another for the purpose of settling rights or titles in controversy between them, when each and all citizens are equally entitled to its protection."

Many cases might be cited from other states, where the action was brought in the name of the People or State, ex rel. Attorney-General, the reasoning of which, by analogy at least, is applicable to the question here considered. For this line of cases see: *Attorney-General* v. *Moliter* (1873), 26 Mich. 444, 447, 448; *People* v. *Ingersoll* (1874), 58 N. Y. 1, 17 Am. Rep. 178; *State* v. *Desforges* (1843), 5 Rob. (La.) 253, 261; *People* v. *Booth* (1865), 32 N. Y. 397, 398; *People* v. *Equity Gas Light Co.* (1894), 141 N. Y. 232, 239, 36 N. E. 194; *Attorney-General, ex rel.,* v. *Albion Academy, etc.* (1881), 52 Wis. 469, 9 N. W. 391.

It is a general rule that "a suit in equity cannot be brought in the name of one party for the use or benefit of

another.  It not only may, but must, be prosecuted in
3.    the name of the real party in interest.''  16 Cyc. 197.
See, also, *Elder* v. *Jones* (1877), 85 Ill. 384; *Kellam*
v. *Sayer* (1887), 30 W. Va. 198, 3 S. E. 589.

Appellant has not called our attention to any stat-
2.    ute authorizing the bringing of an action of this char-
acter in the name of the ''The State, ex rel.''  and we
know of no such statute.

In the absence of such a statute, we think that, under the
authorities above cited and quoted from, appellant had no
right or authority to sue on the cause of action stated in its
complaint, and that the demurrer to the complaint, for want
of sufficient facts, was properly sustained.  There are possi-
bly other reasons why such demurrer should have been sus-
tained, but these we need not consider.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 149.  See, also, under (1) 31 Cyc.
314;  (2) 30 Cyc. 44;  (3) 16 Cyc. 182.