## Succession of Marie Françoise Prudence D'Aquin—State Treasurer, Opponent—Charles Cavelier, Appellant.

The State Treasurer, through an attorney at law, took a rule upon the curator to file his account, opposed it on the ground that the curator never deposited the funds received by him, in bank, as required by the Act of 1837, prayed twenty per cent. damages for his failure to do so, and, representing that no heirs had presented themselves, claimed the succession as belonging to the State. *Held:* that the proceeding of the State Treasurer was not warranted by law. That the 26th section of an Act entitled "an Act relative to the revenue of the State," approved March 10th, 1845, was not applicable to a case like the present, but had in contemplation the collection of the tax of ten per cent. on interest in successions falling to certain non-residents.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
  *T. H. Howard*, for the State Treasurer.
  *H. R. Grandmont*, for opponent and appellant.

The following opposition to the account was filed on behalf of the State Treasurer:

In 1833, the appellant *Jean Théophile Cavelier* was appointed curator to the vacant succession of the late *Marie Françoise D'Aquin*. All the property of the deceased was sold, and after paying her debts, there was a balance of $698 20½ cents, left in favor of the succession. This is not disputed, and it is also a matter of record that the payment alluded to was made prior to the year 1837.

On the 17th of March last, a rule was taken by the State Treasurer, through his attorney, *Ths. H. Howard*, Esq., to compel the aforesaid curator to render an account of his administration and produce his bank book. That rule was never tried, but the curator rendered his account accompanied with the necessary vouchers.

The Treasurer then filed an opposition to that account, praying that the curator be charged with twenty per cent. per annum on the balance in his hands, from the 13th of March, 1837, day on which, it is alleged, he was bound to deposit in bank the said funds, in conformity with the Act of the Legislature on the subject.

The court below sustained the opposition and the present appeal was taken.

The appellant is confident that your Honors will reverse that decision for the following reasons:

1st. That there is no law to justify the action of the State Treasurer in the present instance and that the Act of 1845, sec. 26, p. 68, upon which he relies, and entitled an "Act relative to the revenue of the State," was passed only with the view of securing the payment of the tax imposed upon vacant successions inherited by foreigners or non-residents.

2d. That the right to compel curators of vacant estates to account and pay over into the State Treasury, the balance in their hands, belongs to the attorney appointed by the court to represent the absent heirs. C. C., Art. 1183, 1184 et seq.

3d. That the State has only the right to sue by its proper officers, the aforesaid curators, when they fail to pay over the balance of their accounts within three months from the date of the judgment, rendered on said accounts. C. C., Art. 1196.

4th. That the mode of proceeding resorted to in this case, is not the one pointed out in the Act of 1837, which being *stricte juris*, cannot be supplied by another mode.

5th. That the curator in this case was never bound to deposit in bank the balance in his hands.

His obligation was to pay over the same into the State Treasury, to be kept there as a deposit for the absent heirs, after a judgment of the court ordering him so to do.

6th. That the State being neither a creditor nor a party interested, could not claim the benefit of the Act of 1837. The State stands, in this case, as a mere depositary, and cannot exercise other rights but those mentioned in the aforesaid articles of our Civil Code.

The appellant, therefore, respectfully prays that the account by him rendered, be homologated, and that he be discharged on his paying the balance in his hands into the State Treasury.

The petition of opposition of *Th. H. Howard*, attorney for the State Treasurer, to the account filed by *Jean Théop. Cavelier*, f, m. c., curator of the above entitled succession, respectfully shows, that he opposes said account for this, to-wit: That said curator never deposited the funds received by him, in said capacity, in bank, as required by law, Act of 1837; and not having done so, is liable to pay interest of twenty per cent. per annum, as fixed by said Act upon the amount in his hands from the date of said Act, and should have so charged himself in said account; that no heirs having presented themselves, such succession belongs to the State: wherefore opponent prays that said account may be amended so as to charge said curator with twenty per cent. per annum interest, on the amount of the funds belonging to said estate in his hands, from the      day of           1837, and that he be ordered to pay over the balance due said estate into the State Treasury, according to law and for general relief.

SLIDELL, C. J. One of the questions presented by the appellant is, whether the State Treasurer, represented by a member of the bar, has power to act for the State in this proceeding, which commenced in a rule by the State Treasurer upon the curator to file an account, and has resulted in a judgment on opposition to the account condemning the curator to pay twenty per cent. interest upon the ascertained balance in his hands.

As a general rule, the State appears in judicial proceedings in its own name and by its Attorney General or District Attorney, a public officer appointed or elected to prosecute or maintain the interest of the State in such proceedings. The power of the State Treasurer in the present case, which, if it exist, is an

exception to the general rule, is claimed under the 26th section of an Act entitled "an Act relative to the Revenue of the State," approved March 10th, 1845, which reads as follows: " That the State Treasurer be and he is hereby empowered to employ and appoint attorneys to examine the proceedings in vacant successions and absent heirs, and to collect what sums should have been paid by the curators of said vacant estates, and that as their fees, said attorneys thus employed, shall receive ten per cent. on all moneys which they may cause to be paid in the State Treasury." Our opinion is that this law had in contemplation. the collection of the tax of ten per cent. on interest in successions falling to certain non-residents, the amount of which tax executors, curators, &c., were required to retain and to pay to the State Treasurer in certain cases, or to the Sheriff, in certain other cases, which latter officer was required to pay over sums thus received as in case of other taxes collected. Act of 1842, page 436. We are led to this interpretation by the applications of the familiar rule, *noscitur a sociis*. Taxation and the mode of assessing and collecting taxes, are the main subjects of the statute, and the title is, " an Act relative to the Revenue of the State." Taxes on such interest in successions properly fall within that description; but money paid into the Treasury of the State, in the absence of heirs of the deceased, there to remain in deposit until claimed, is not a part of the revenue of the State. Moreover, ample provisions had been already made before the Act of 1845, to compel curators, &c., to pay the funds of vacant successions into the treasury, whereas no special provision of law, of which we are of aware, existed for the collection of the tax above mentioned. It was already provided by the 1196 Article of the Civil Code, that if curators, &c., neglected to pay the funds of vacant estates into the hands of the Treasurer, it was the duty of that officer to denounce them to the Attorney General or District Attorney, who were required thereupon to bring suit.

The power of appearing for another in judicial proceedings, is a very grave power, and one which the law carefully scrutinizes in the case of individuals; and the importance of such a power is obviously not to be less appreciated in the case of the State. The consequence of a power to appear for another, in a court of justice, is the irrevocably binding force of " the thing adjudged" upon the party for whom the appearance is made; and where the interests of the State, which are the interest of all its citizens, are involved, courts of justice should not pass upon those interests unless the State is properly before it through the officers recognized as its representatives by the Constitution or law. The amount involved in the present case is not large, but the principle is important, and has been the subject of our careful consideration.

It is therefore decreed that the judgment be reversed and that the cause be remanded, with instructions to to the court below, not to act further upon the account filed by the curator until service of reasonable notice of such filing upon the Attorney General, the costs of appeal to be paid by the appellees.