Fry and Others *v.* THE STATE, on the relation of RISTINE, Auditor of State.

TREASURER'S BOND—SUIT ON.—In a suit by the State for its own use, upon a bond payable to the State, no relator need be named.

SCHOOL FUND.—LICENSE FEES.—By section five of the temperance law of 1859, (1 G. & H. 615,) the fees derived from liquor licenses were made part of the common school fund.

TREASURER'S BOND.—SUIT ON.—EVIDENCE.—On the trial of a suit by the State against a county treasurer for a failure to pay over moneys derived from liquor licenses, a certificate of the Auditor of State was given in evidence which stated that an account which preceded the certificate was "a true and correct statement of the account of F, treasurer," &c., "as the same appears from the records of my office."

*Held,* that the account was not shown by the certificate to be either a copy of an account rendered by the defendant, or of an account stated by the auditor, as required by sections 6 and 8 of the act of 1852, (1 G. & H. 120,) and hence was not admissible in evidence.

APPEAL from the *Tippecanoe* Circuit Court.

FRAZER, J.—This was a suit upon a county treasurer's bond. The breaches alleged were a failure to account to the Auditor of State for, and to pay to the Treasurer of State, moneys received on account of liquor licenses, under the fifth section of the temperance act of 1859. 1 G. & H. 615. These moneys were received by the county treasurer prior to the taking effect of the school law of 1861. 1 G. & H., Sup. 30. Two questions only are presented by the appellants' counsel for the consideration of this court. One proposition relied on for the reversal of the case is, that the Auditor of State is not the proper relator. This is correct, if the money sued for will not, when recovered, belong to the State. The common school fund does belong to the State. But it is argued that prior to the taking effect of the second section of the school law of 1861, moneys derived from licenses for the sale of liquors did not belong to that fund. This argument overlooks the fifth section of the temperance act, by which it is provided that those moneys shall "be applied and expended for common school pur-

poses, in the same manner in which the revenues of the common school fund are or may be applied." This makes the money thus derived essentially a part of the common school fund. It may be added, that we know of no law requiring a relator, where a suit is brought by the State, for her own use, upon a bond payable to herself.

The second question is as to the admissibility in evidence on the trial, of a paper, as follows:

"*Salem T. Fry*, late treasurer of *Tippecanoe* county, to State of *Indiana*, Dr.

To amount collected by him on account of liquor
  licenses, from *June* 7, 1859, to *August* 1, 1859....$2,050 00
To amount collected by him on account of liquor
  licenses, from *Aug.* 1, 1859, to *Aug.* 8, 1861...... 3,300 00

$5,350 00
1861.—*June* 24.—Credit by cash........................ 2,300 00

Balance due the State...............................$3,050 00

                    "Office of Auditor of State, ⎫
                        *Indianapolis, July* 5, 1866. ⎭

"I, *Joseph Ristine,* Auditor of State of the State of *Indiana,* do hereby certify that the foregoing is a true and correct statement of the account of *Salem T. Fry,* late treasurer of *Tippecanoe* county, as the same appears from the records of my office.

"In testimony whereof, I have hereto set my hand and affixed the seal of my office, this 5th day of *July,* A. D. 1864.

                    "J. Ristine, *Auditor of State,*
                    "By T. G. Palmer, *Deputy.*"

It is enacted that when an officer who "has moneys belonging to the State shall fail to render an account thereof to, and make settlement with, the auditor," &c., "upon being required to do so by the auditor," &c., "the auditor shall state an account against such officer," &c., "charging ten per cent. damages, and interest at the rate of six per cent. per annum from the time of such failure to render an

account," &c.  If the account be rendered and the settlement be made, but the money be not paid to the proper officer or person, as the law requires, the auditor is required to sue.  A copy of the account of the officer so sued, certified by the auditor, is made evidence in such suit.  1 G. & H., §§ 6–8, p. 120.  The paper copied does not seem to be, nor is it certified to be, a copy of an account either rendered by *Fry* or stated by the auditor, as the statute contemplates.  It appears by the certificate to be an original statement, by the auditor, not made under authority of section six of the statute already referred to, with damages and interest as required.  We know of no statute authorizing the document to go in evidence, and it is very certain that there is no rule of the common law which would admit it.  The judgment must be reversed, and a new trial ordered, because this evidence was admitted over the objection of the defendants.

While we feel bound, when the purposes of substantial justice obviously require it, to notice any point in the record raised by the assignment of errors, though not argued by counsel, the case before us does not, it seems to a majority of the judges, call for an opinion now upon the point involved in the separate opinion of the remaining judge. That point, inasmuch as it arises upon the evidence, (a new trial being, at any rate, awarded,) will, if good in law or fact, be available to the defendants hereafter.  As a general rule, it is safer and better that questions shall be well argued before the court of last resort pronounces upon them, and especially where the question may not be one necessarily involved in a final determination of the cause upon the just merits, and may suggest a mode whereby a fund of great public importance may frequently be diminished.

The judgment is reversed, with costs, and the cause remanded for a new trial.

GREGORY, J.—I concur in the result arrived at, for an additional and a stronger and more satisfactory reason, to my

mind, than that stated by the judge who pronounced the opinion of the court. The judgment below is reversed for the error of the court in overruling the appellants' motion for a new trial. This, I think, is right, for the reason that the evidence does not sustain the finding. This point was made in the Circuit Court, and is embraced in the assignment of errors. But because the appellants' counsel have failed to argue it, a majority of the judges of this court consider it improper to notice the point. This is the court of last resort. The great object should be to do justice in every case, and this cannot always be done unless the court is free to look into the entire record, without regard to the particular questions which counsel may feel inclined to argue. It is a harsh rule, to say the least, to make parties suffer for the omission of their attorneys. There is no fact more apparent than that the brightest reputation ever made by this court for correctness of decision, and clearness of statement, was achieved during a period in which very little attention was paid as to what points were argued, but when the records were carefully examined and every question involved in them was fully considered, whether argued or not.

This action is on an official bond. The sureties ought not, in justice, to be held liable, unless their principal was in default. If they are to be robbed, even for a laudable purpose, it is better that the fact should appear; that at least they may have the sympathy of the public. The evidence is in the record, and does not even tend to show that *Fry* failed to account to the Auditor of State, as required by section six of the act prescribing the powers and duties of Auditor of State. 1 G. & H. 120. The auditor, and not the treasurer, required him to pay over the money to the Treasurer of State. The auditor had no power to do this. The money sued for was a part of the common school fund in the hands of *Fry*, treasurer of *Tippecanoe* county. It was his duty to pay it out, upon the warrant of the county auditor, to the several townships and

incorporated cities and towns of the county, and not to the state treasurer. 1 G. & H., § 101, pp. 555, 556. If there was an excess in his hands over and above the amount to which his county was entitled, then, and not otherwise, the treasurer of state, and not the auditor, could have required him to pay such excess into the state treasury. 1 G. & H., § 98, p. 555. As this is a matter which goes to the merits of the case, and is not a mere technical objection to the introduction of evidence, I have thought it right to give my reasons for concurring with the court in the result arrived at.

*Z. Baird* and *J. M. LaRue,* for appellants.

*D. E. Williamson,* Attorney General, for the State.