## Commonwealth v. Helm.

(Decided February 23, 1915.)

### Appeal from Hardin Circuit Court.

1. Judgment—Consent or Agreed Judgment—Effect of—Appeal.—An appeal cannot be prosecuted from a consent or an agreed judgment.

2. Judgment—Consent or Agreed Judgment—Vacation of.—A consent or an agreed judgment may be procured by fraud, and if it is so procured, the defrauded party may open it up in a suit brought for that purpose under the provisions of the code authorizing judgments obtained by fraud to be assailed.

3. Judgment—Revenue Agents—Opening Up Consent Judgment on Behalf of Commonwealth.—If a revenue agent is induced by fraud or misrepresentation of the taxpayer proceeded against to consent to a judgment that he would not have consented to if he had known the truth, or if he had not relied upon false or deceptive representations made by the taxpayer, the judgment may be assailed by the Commonwealth on the relation of some authorized person in the manner and within the time allowed by the code for attacking judgments obtained by fraud.

4. States—Suits by—Relator.—Every suit and every proceeding instituted in the name of the Commonwealth must of necessity be brought on the relation of some person authorized to act for it. It cannot sue unless through the instrumentality of an agent or person designated by statute or empowered by recognized principles of law to act for it.

5. Taxation—Suit to Assess Omitted Property—Relator.—When a suit to assess omitted property or to collect omitted taxes is brought in the name of the Commonwealth, it can only be brought on the relation of some person authorized to use its name for the purpose of maintaining the suit.

6. Taxation—Suit to Assess Omitted Property—Who Must Bring.— If the Commonwealth has indicated who must be the relator in proceedings like this, only the person designated by the Commonwealth to act as relator may do so; and hence suits to assess omitted property and recover omitted taxes must be brought on the relation of a revenue agent or sheriff, as these officers have been designated by the Commonwealth to bring these suits. A suit like this cannot be brought on the relation of the Auditor of the State.

7. States—Suit by—Practice.—When the Commonwealth comes into court to prosecute a suit, it occupies, in the absence of some controlling statute, the attitude of any other litigant and is subject to the same rules of practice and procedure, and if the Commonwealth has selected some person or officer to act as relator, the defendant has the right to insist that the suit shall be brought and prosecuted by the person or officer so selected.

R. A. BUCKLES and M. J. HOLT for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

This proceeding is an attempt by the Auditor of the State to vacate a judgment of the Hardin County Court assessing the appellee, Helm, with omitted property.

The case presents some rather novel features and comes up in this way: The record shows that in November, 1913, T. W. Hart, sheriff of Hardin County, filed a petition in the Hardin County Court in the name of the Commonwealth of Kentucky, by Hart, Sheriff of Hardin County, against John L. Helm, in which he set up that Helm was a resident of Hardin County for the years 1908-1912, inclusive, and that he was in each of those years the owner of "notes, cash in banks, bonds, stocks in foreign corporations and other credits of the fair cash value of thirty thousand dollars," all of which it was alleged was omitted from assessment for each of said years. He asked that the property be assessed for taxes for the years mentioned and that Helm be required to pay the taxes thereon, together with the penalty. It appears that summons on this petition issued against Helm and at a term of the Hardin County Court held on November 17, 1913, the following judgment was entered:

"Came parties and announced ready for trial, and it appearing to the court that a former proceeding was had against the defendant, John L. Helm, to assess his alleged omitted property as of September 1st, 1908 and 1909, for the taxes for the years 1909 and 1910, and that a judgment was entered in said proceeding, it is adjudged that said proceeding is a bar to so much of this proceeding as attempts to assess said property as of said dates. It is further agreed that on September 1st of each of the years 1910, 1911 and 1912, the defendant, John L. Helm, was the owner of stocks in foreign corporations, notes, bonds, cash and cash on deposit in bank, and other credits of the fair cash value of ten thousand dollars, that were not assessed for taxation, and same were at said time subject to assessment for taxation in Hardin county, Kentucky, and that said Helm was a resident of Hardin County, Kentucky. It is adjudged by the court that defendant's said omitted property be and it is assessed at ten thousand dollars, as of September 1st of each of the years 1910, 1911 and 1912, and it is ordered that said assessment be certified to the proper officer for collection of the taxes thereon.

"It is further adjudged that the defendant pay to T. W. Hart, sheriff of Hardin County, the penalty of 20% of the amount of said taxes, and that he pay the cost of this proceeding. John W. Boyd, county attorney of Hardin County, appeared in open court in per-

son and consented to this judgment, and also filed his written consent thereto, and he is allowed 15% of the taxes herein assessed and collected."

On December 4, 1913, a petition styled Commonwealth of Kentucky, by T. W. Hart, sheriff of Hardin County, against John L. Helm, was filed in the Hardin County Court. The body of this petition reads in part:

"Now comes the plaintiff, Commonwealth of Kentucky, by Henry M. Bosworth, Auditor of Public Accounts of the State of Kentucky, and files and makes this his motion in his official capacity to vacate the judgment entered in this proceeding, and to dismiss the statement filed by T. W. Hart, sheriff of Hardin County, and for grounds therefor charges and alleges that on the 4th day of November, 1913, T. W. Hart, sheriff of Hardin County, filed in the Hardin County Court a statement against the defendant, John L. Helm, alleging that the said Helm   *   *   *." Then follows a statement of the petition of Hart referred to. The petition then proceeds to aver that "no answer was filed by the defendant, but on November 17, 1913, a judgment was entered"—setting out the judgment. It was then averred that the defendant "had actual knowledge that a proceeding was about to be instituted under Section 2, Chapter 116, of the Acts of 1912, to assess him with 3,322 shares of United States Steel of the value of $80 per share, and 300 shares of the preferred stock of said company of the value of $110 per share, and having knowledge thereof procured T. W. Hart, who had no knowledge of his ownership of said property, to institute this proceeding against him, and the said suit in its filing and the entry of the said judgment herein was a fraud as against the Commonwealth of Kentucky and Hardin County, and the defendant could not have procured the entry of said judgment had the sheriff of the county and the county attorney actually have known of defendant's ownership of said property; and the said defendant caused this suit to be instituted and judgment by confession to be entered therein to bar the Commonwealth in a proceeding to have his stocks, cash and bonds assessed against him."

Then follow averments setting out specifically the character and value of the bonds and stocks owned by Helm at the assessing period in the years 1909-1912, and which it was averred he omitted from assessment. The

prayer of the petition was that the judgment of the Hardin County Court in the proceeding instituted by Hart be vacated.

To this petition a special demurrer was filed by Helm upon the grounds that Bosworth as Auditor had no authority to file the suit, which motion was sustained and the petition dismissed.

The record further shows that on January 9, 1914, there was filed in the Hardin Circuit Court, under the style of "Commonwealth of Kentucky, by &c., v. John L. Helm," a transcript of the orders of the county court, which transcript included all of the foregoing matter. When the appeal came up for hearing in the circuit court Helm again filed a special demurrer, which was sustained, and the proceeding was dismissed, to which order, it appears, Bosworth as Auditor excepted and prayed an appeal to this court.

The statement filed with the record in this court shows that, Hart refusing to take the appeal to the circuit court, Bosworth as Auditor prosecuted an appeal from the county court to the circuit court, and from the circuit court to this court.

The first question arising is, can a proceeding like this be brought in the name of the Commonwealth without a relator, and if it cannot, and a relator is necessary, can it be brought in the name of the Commonwealth on the relation of the Auditor of the State? If, in proceedings like this, the Commonwealth can proceed only on the relation of some authorized person and the Auditor is not such an authorized person, then this is an end to the matter and the judgment should be affirmed.

We state it in this way because the record shows that all the proceedings in the county court and the circuit court, as well as in this court, subsequent to the proceeding by Hart, sheriff, and the judgment therein, were made and taken in the name of the Commonwealth by Bosworth as Auditor. It does not appear that the county attorney of Hardin County or the sheriff of that county or any revenue agent was a party to any of these proceedings.

This view of the question also makes it unnecessary to consider the right of appeal by the Auditor from the county court judgment in the suit of Hart, further than to say that that judgment was a consent or compromise judgment agreed to by parties who had the right to do

so under Section 4260b of the Kentucky Statutes, and, being an agreed judgment, neither of the parties to it nor any one else could prosecute an appeal from it. Duncan v. Louisville, et al., 13 Bush, 378; Patrick v. Patrick, 30 Ky. L. R., 1364.

We do not mean, however, to say that an agreed or consent judgment cannot be vacated on the suit of any of the parties prejudicially affected by the judgment. Consent to an agreed judgment may be procured by fraud, and if it is so procured the defrauded party may open it up in a suit brought for that purpose under the provisions of the code authorizing judgments obtained by fraud to be assailed. And this right to open up a judgment obtained by fraud applies as well to a judgment such as was obtained by Hart in the county court as to any other judgment. If, therefore, Hart, as sheriff, and the county attorney, representing the Commonwealth, were induced by the fraud or misrepresentation of Helm to consent to a judgment that they would not have consented to if they had known the truth, or if they had not relied upon false or deceptive representations made by Helm concerning facts of which they were ignorant, we see no reason why the Commonwealth, on the relation of some authorized person, might not assail this judgment in the manner and within the time allowed by the code for attacking judgments obtained by fraud.

We return now to the only question presented by this record, which, as stated, is, must proceedings like this be brought on the relation of some authorized person, and, if so, is the Auditor such authorized person?

It is obvious, and we have many times so written, that the Commonwealth is the real party plaintiff in interest in proceedings to collect omitted taxes. If taxes are collected they go to the State. The revenue agents and sheriffs, who are authorized by statute to prosecute these suits in the name of the Commonwealth, simply act as agents for it. Sebree v. Com., 115 Ky., 736; Com. v. Bacon, 126 Ky., 30; Com. v. Ewald Iron Co., 153 Ky., 116. But every suit and every proceeding instituted in the name of the Commonwealth and for its benefit must of necessity be brought on the relation of some person authorized to act for the Commonwealth. There is no doubt that, where the Commonwealth is the injured party, it has the right to sue for redress, but yet it cannot sue unless through the instrumentality of an agent or per-

son designated by statute or empowered by recognized principles of law to act for it. McAlister v. Com., 6 Bush, 581; Com. v. McGovern, 116 Ky., 212; Respass v. Com., 131 Ky., 807; People v. City of St. Louis, 5 Gilman (Ill.), 351, 48 Am. Dec., 339. So that when a suit to assess omitted property or to collect omitted taxes is brought in the name of the Commonwealth, as it must be, it can be brought only on the relation of some person authorized to use its name for the purpose of maintaining the suit. In short, there must be a relator. Com. v. Columbia Trust Co., 162 Ky., 825.

It is also, we think, apparent that if the Commonwealth indicate who must be the relator in proceedings like this, only the person designated by the Commonwealth to act as relator may do so. In other words, if the Commonwealth, through its legislative department, declares that certain classes of suits or proceedings shall be prosecuted by designated persons or officers, the class of suits thus described, although brought in the name of the Commonwealth and for its benefit, must be brought on the relation of the person or officer invested with this authority. It may also be confidently affirmed that when the Commonwealth comes into court to prosecute a suit, it occupies, in the absence of some controlling statute on the subject, the attitude of any other litigant, and is subject to the same rules of practice and procedure. Therefore, if the Commonwealth, for reasons of its own, has selected some person or officer to act as relator, the defendant has the right to insist that the suit shall be brought and prosecuted by the person or officer so selected.

This brings us directly to consider whether the Commonwealth has by statute directed in whose name as relator this class of suits may be brought. If it has, they must be brought in the manner prescribed and by the person designated, and, if they are not brought in the manner prescribed and by the person designated, the defendant has the same privilege as any other defendant would have in other cases to question the right of the Commonwealth to maintain the suit.

The Act of 1912, now Sections 4258 and 4260 of the Kentucky Statutes, and which was in effect when these proceedings were had, provides for the assessment of omitted property by revenue agents and sheriffs. It specifically points out the powers and duties of these

officers as collectors of omitted taxes, and has vested in them the exclusive authority to institute and prosecute such proceedings as may be necessary to assess omitted property and enforce the collection of omitted taxes. This being the state of the law, we think that all suits brought in the name of the Commonwealth for this purpose must be brought on the relation of a sheriff or revenue agent, and that no other officer or person is authorized to either institute or prosecute such proceedings. The Auditor of the State by this act may appoint a revenue agent in each county and in addition appoint four revenue agents for the State at large. So that, with a sheriff in each county and these revenue agents, it is not possible to conceive a state of case in which an authorized person cannot be found to institute and prosecute any proceeding that may be necessary to enforce the collection of omitted taxes. At no time and at no place can it be said that the interest of the Commonwealth might suffer for want of an authorized person to act as relator in this class of cases. The Auditor is the chief fiscal officer of the State and is charged particularly with duties relating to the collection and distribution of the revenues of the State, and, except for the fact that other persons have been designated to bring these suits, it might well be insisted that they could be brought on the relation of the Auditor of the State or the Attorney General of the State. But, with the law in its present condition, there is no reason why any persons except those designated should be permitted to institute or prosecute these actions.

The statute further provides that sheriffs and revenue agents shall be liable to the defendant for all costs incurred by him in successfully defending proceedings brought for the collection of omitted taxes, and the defendant has the right to insist that the action shall not be brought by any person who would not be liable for his costs in the event that he succeeded.

For the reasons stated the judgment is affirmed.