## Commonwealth, By et al. v. Fidelity & Columbia Trust Company, Executor, et al.

(Decided October 17, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Judgment—Conclusiveness of—When Commonwealth May Attack for Fraud.—A judgment by a court of competent jurisdiction deciding that a man and woman were husband and wife is conclusive against collateral attack by the Commonwealth unless it could be shown by the Commonwealth that the judgment was fraudulently or collusively obtained for the purpose of defeating the Commonwealth in the collection of an inheritance tax.

2. Taxation—Inheritance Tax.—Under section 4281a of the Kentucky Statutes, providing that property passing by a will or under the intestate laws of the state or that is transferred by a deed, grant, sale or gift in contemplation of the death of the grantor shall be subject to the tax, property received by a party who had no interest in and was a stranger to the estate is not subject to the tax.

MATT J. HOLT, A. SCOTT BULLITT, County Attorney, and J. C. DUFFY for appellant.

O'DOHERTY & YONTS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In a suit that was pending in the Jefferson circuit court the question at issue was whether Ellen J. Ewald was the lawful wife of L. P. Ewald, and it was adjudged by the court in the case that Ellen J. Ewald was the lawful wife of L. P. Ewald at the time of his death. Following this judgment there was paid to Ellen J. Ewald, as the widow of L. P. Ewald, three hundred thousand dollars as her distributable share of his estate in a compromise settlement effected between the parties in interest.

After this the Commonwealth, by a revenue agent, instituted in the county court of Jefferson county a proceeding to charge this sum with an inheritance tax. The proceeding was dismissed in the county court and also in the circuit court to which an appeal was prosecuted, and from the judgment of the circuit court the case has been brought here.

Section 4281a of the Kentucky Statutes, provides, in part, that "All property which shall pass, by will or by

the intestate laws of this State, from any person who may die seized or possessed of the same while a resident of this State. . . . or any interest therein, or income therefrom, which shall be transferred by deed, grant, sale or gift made in contemplation of the death of the grantor or bargainor, or intended to take effect in possession or enjoyment after such death, to any person or persons . . . . . other than to or for the use of his or her father, mother, husband, wife, lawful issue, the wife or widow of a son, or the husband of a daughter, or any child or children adopted as such in conformity with the laws of the Commonwealth of Kentucky, and any lineal descendant of such decedent born in lawful wedlock, shall be, and is, subject to a tax of five dollars of every hundred dollars of the fair cash value of such property."

It would seem that the judgment of the Jefferson circuit court—which stands unreversed and unmodified —declaring Ellen J. Ewald to have been the wife of L. P. Ewald at the time of his death, and the statute which exempts from an inheritance tax property received by a wife would be sufficient to determine the correctness of the judgment appealed from. But, notwithstanding the irrefutable reasons furnished by the judgment and the statute why the Commonwealth should not recover the inheritance tax, counsel for the Commonwealth argue that because the Commonwealth was not a party to the litigation in which Ellen J. Ewald was adjudged to be the wife of L. P. Ewald, this judgment is not conclusive on the Commonwealth and it has the right in this collateral proceeding to open up the controversy and have re-litigated the question whether this woman was, in fact, the wife of L. P. Ewald at the time of his death.

It is, however, so plain that the judgment cannot be upset in this collateral proceeding that we need not cite any authority in support of the conclusiveness of the judgment. It may not, however, in this connection be amiss to say that a case might arise in which the Commonwealth would not be bound by a judgment in a suit or proceeding to which it was not a party when by the judgment it was deprived of taxes to which, except for the judgment, it would be entitled. But this condition could only arise when the judgment was fraudulent or collusive and rendered with the purpose of defeating the Commonwealth in the collection of its taxes: Com. v. Helm, 163 Ky. 69.

But in the case we have, even if the Commonwealth had charged and succeeded in establishing that the judgment was fraudulent and collusive and that Ellen J. Ewald was not the wife of L. P. Ewald, it would not authorize the imposition of an inheritance tax on what was paid her, because if she was not his wife, she had no interest in and was a stranger to the estate. And this being so, what was paid to her would not be subject to the inheritance tax, as under section 4281a only property that passes by will, or by the intestate laws of the State, or that is transferred by deed, grant, sale or gift in contemplation of the death of the grantor or bargainor, is subject to the tax: In re Estate of Graves, 242 Ill. 212; English's Estate v. Crenshaw, 120 Tenn. 531; Matter of Cook, 187 N. Y. 253; Hawley's Estate, 214 Pa. St. 525; in re Estate of Wells, 142 Ia. 255.

Wherefore, the judgment is affirmed.