### STATE OF OKLAHOMA ex rel. VASSAR, Co. Atty., v. MISSOURI–KANSAS–TEXAS R. CO. et al., and seven other cases.

Nos. 1995–1997, 1999–2001, 6362, 6363.

District Court, W. D. Oklahoma.
Oct. 11, 1939.

Bill Vassar, of Chandler, Okl., for plaintiff.

M. D. Green, of Oklahoma City, Okl., for defendants.

VAUGHT, District Judge.

In No. 1995—Equity, the defendants have filed the following motion: "Come now the defendants and show to the Court that in November, 1938, Frank McVey was elected as County Attorney of Lincoln County, (Oklahoma) as successor to Bill Vassar, County Attorney, and that said

McVey became the duly elected, qualified and acting County Attorney in January, 1939, and the said Bill Vassar ceased to be such County Attorney; that this suit was brought by the said Bill Vassar as County Attorney, and that he was and still is a party thereto, and that the said Frank McVey as County Attorney, has never been substituted as plaintiff herein, nor has this action been continued or maintained by said McVey within the six months authorized under Rule 25 of the Federal Rules of Civil Procedure of the District Courts of the United States, 28 U.S.C.A. following section 723c, and that, therefore, this action has abated. Wherefore, defendant moves the court to dismiss this action at plaintiff's costs, on the ground that it has abated."

Rule 25(d) of the New Federal Rules of Civil Procedure provides: "(d) *Public Officers; Death or Separation from Office.* When an officer of the United States, the District of Columbia, a state, county, city, or other governmental agency, or any other officer specified in the Act of February 13, 1925, c. 229, § 11 (43 Stat. 941), U.S.C., Title 28, § 780, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

■ This rule has not been construed by any court so far as any such construction has been brought to the attention of this court. The effect of this rule is substantially the same as that of the Act of February 13, 1925, c. 229, Title 28 U.S.C.A. § 780, 43 Stat. 936, 941. Sec. 780, Title 28 U.S.C.A. is as follows: "Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States, or of the District of Colum-

bia, or the Canal Zone, or of a Territory or an insular possession of the United States, or of a county, city, or other governmental agency of such Territory or insular possession, and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

■ The language of the rule is clear and unambiguous. One of the purposes for the adoption of uniform rules was to require uniform practice and procedure. If the rule means anything, it means exactly what it says.

It is admitted that Vassar, the plaintiff in this action, ceased to hold the office of county attorney in January, 1939 and that no effort was made to revive this action in the name of Vassar's successor, within the six month period immediately following the induction into office of his successor.

The question is, does the case automatically abate for failure to comply with this rule, and the statute above quoted which is still in existence and is still in full force and effect.

It is the contention of the plaintiff that Vassar was merely a nominal party and that the real party in interest was the state of Oklahoma. In the petition, however, the plaintiff alleges "that this action is instituted by Bill Vassar, County Attorney, as aforesaid, on behalf of the People of the State of Oklahoma, to escheat the said lands and real estate, upon information furnished to him by W. G. Pardoe, Jr." and "wherefore, plaintiff prays judgment against said defendant corporation, for a writ of Possession on behalf of the State of Oklahoma, for the whole of said real estate and lands, and that said real estate and lands be escheated to the State of Oklahoma, and sold in the manner provided by law, and that the proceeds arising therefrom, after the payment of the costs, expenses, informer fees, and attorney fees, to

be paid over to the Treasurer of the State of Oklahoma."

The rule provides that when any county officer is a party to an action and ceases to be such officer, as he was at the time he brought the action, and his successor fails to revive within the six month period, that the action is abated.

Numerous cases have been cited in the briefs of the parties but it is unnecessary for the court to review these decisions. The language of the rule and the language of the statute are clear and easily understood, and while the enforcement of a rule may work a hardship upon the plaintiff, nevertheless these rules were adopted to be followed by the courts. They are mandatory and the court deems it its duty to follow the rules as reasonably construed.

The court is of the opinion, therefore, that the rule is applicable to this case and that the action should be dismissed without prejudice.

The same question is raised in equity cases, Nos. 1996, 1997, 1999, 2000 and 2001, and law cases, Nos. 6362 and 6363, and a similar order is made in each of said causes.

An exception is allowed the plaintiff in each of said causes. A proper form of judgment may 'be submitted, consistent with this opinion.