**STATE OF OKLAHOMA ex rel. PHILLIPS, Governor of Oklahoma, v. AMERICAN BOOK CO. et al.**

**No. 2896.**

Circuit Court of Appeals, Tenth Circuit.

Aug. 15, 1944.

D. A. Richardson and J. B. Dudley, both of Oklahoma City, Okl. (Richardson, Shartel, Cochran & Pruet, Dudley, Duvall & Dudley, Keaton, Wells & Johnston, Rainey, Flynn, Green & Anderson, Ames, Monnet, Hayes & Brown, Bohanon & Adams, and Shirk, Gilliland, Ogden, Withington & Shirk, all of Oklahoma City, Okl., Hatcher & Bond, of Chickasha, Okl., Leonard Savage, B. B. Blakeney, and J. R. Blakeney, all of Oklahoma City, Okl., George D. Mills, of Chicago, Ill., Cruce, Satterfield & Grigsby, of Oklahoma City, Okl., Wallace G. Hughes, of Guymon, Okl., Sims, Handy & McKnight, of Chicago, Ill., Falkenstine & Fisher, of Watonga, Okl., Pierce, McClelland, Kneeland & Bailey, Rittenhouse, Webster, Hanson & Rittenhouse, and J. Berry King, all of Oklahoma City, Okl., Busby, Harrell & Trice, of Ada, Okl., Howell Parks, of Muskogee, Okl., Wilson & McIlvaine, of Chicago, Ill., Kirk, Phipps, Campbell & Latting, of Oklahoma City, Okl., Thomas P. Holt, of Ada, Okl., Walter L. Gray, of Oklahoma City, Okl., and Lester A. Jaffe, of Cincinnati, Ohio, on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This action was brought by the State of Oklahoma, on the relation of Leon C. Phillips, the Governor of Oklahoma, to recover treble damages for alleged violations of the Sherman Anti-Trust Act[1] in the matter of the adoption and sale of school textbooks for the common schools of Oklahoma.

The original complaint was filed December 31, 1942. It alleged a combination and conspiracy in restraint of interstate trade and commerce for the purpose of controlling the adoption of textbooks for the State of Oklahoma and the fixing of prices at which books adopted should be sold.

It set out two claims, one on behalf of the State and one as trustee for the use and benefit "of the parents of the school children of Oklahoma."

The defendants filed motions to dismiss all those portions of the complaint wherein the State undertook to assert a claim in behalf of private persons on the grounds that the State was not authorized to maintain

Gomer Smith, of Oklahoma City, Okl. (A. L. Beckett, of Oklahoma City, Okl., on the brief), for appellant.

---

[1] 15 U.S.C.A. §§ 1 to 7, inclusive, 15 note.

such an action and the complaint showed on its face that such claim was barred by limitations.

By an amendment to the original complaint, it was alleged that the conspiracy was hidden and concealed and only came to the knowledge of the State in March, 1942.

The trial court held that the State could not maintain the action on the claim in behalf of private persons and that such claim was barred by limitations. It entered an order dismissing the action on such claim. An appeal was not taken from that order within the three-months' period fixed by statute.

On June 7, 1943, the State filed an amended complaint in which it omitted all the averments with respect to the claim in behalf of private persons and the prayer for relief in their behalf. The amended complaint was not amendatory of the original complaint but merely eliminated therefrom such claim.

On July 15, 1943, the defendants filed motions to dismiss the amended complaint on the ground that the term of office of Phillips, as Governor, expired January 11, 1943, when Robert S. Kerr became the Governor of Oklahoma; that more than six months had elapsed since the termination of the term of office of the relator Phillips; and there had been no substitution of a relator in the action pursuant to Rule 25 (d) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. The trial court sustained the motion and on September 23, 1943, dismissed the action.

On December 21, 1943, the State filed notice of appeal.

■ Authority of the State to maintain an action in behalf of private persons for treble damages under 15 U.S.C.A. § 15 is not given by any statute of Oklahoma and is not recognized by the decisions of that State. Hence, we conclude that the State was without authority to prosecute the claim in behalf of private persons.[2]

■ The action in behalf of private persons was to recover treble damages under the Federal Anti-Trust Act. It was predicated upon a liability created by statute. The state law of limitations is controlling.[3] The period of limitations for such an action is three years. 12 O.S.1941 § 95. The statute of limitations is a defense to an action brought in the name of the State for the benefit of private persons. Savoy Oil Co. v. Emery, 137 Okl. 67, 277 P. 1029, 1035. The running of the statute was not tolled by the nondiscovery of the claim. The claim was not one for fraud within the meaning of 12 O.S.1941 § 95(3).[4]

We accordingly conclude that the claim in behalf of private persons was barred by limitations.

Finally, it may be doubted that the court's action in dismissing such claim is open to review on this appeal. The court's order finally disposed of that claim and no appeal was taken from the order within the three-months' statutory period.

Counsel for the State urge that the claim asserted in the amended complaint belonged to the State; that, therefore, it was unnecessary to name a relator; and that no substitution was necessary under Rule 25 (d), supra.

■ The rule laid down by the better-considered cases is that an action instituted in the name of the state for its own behalf must, of necessity, be brought on the relation of some person authorized to act for the state since it can only act through the instrumentality of an agent authorized by statute or empowered by recognized principle of law to act in its behalf.[5]

The reason for the rule is obvious. A

[2] See Savoy Oil Co. v. Emery, 137 Okl. 67, 277 P. 1029, 1035; State ex rel. Town of Selma v. Liberty Township, 50 Ind.App. 208, 98 N.E. 149, 150; State ex rel. Going v. Southwestern Land & Timber Co., 93 Ark. 621, 126 S.W. 73, 75; State ex rel. Wilson and Wakeman v. Shively, 10 Or. 267, 268.

[3] Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885, 890; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241; Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645, 647.

[4] International Ladies' G. W. Union v. Donnelly G. Co., 8 Cir., 119 F.2d 892, 894; Cummings v. Board of Education, 190 Okl. 533, 125 P.2d 989, 993. See, also, Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742, 750, 751.

[5] Commonwealth v. Helm, 163 Ky. 69, 173 S.W. 389, 391, 392; State ex rel. Atty. Gen. v. Cunningham, 81 Wis. 440, 51 N.W. 724, 726, 15 L.R.A. 561; Commonwealth v. McGovern, 116 Ky. 212, 75 S.W. 261, 265, 66 L.R.A. 280; People v. Navarre, 22 Mich. 1, 3; Succession of D'Aquin, 9 La. Ann. 400, 402.

state can only act through an agent duly authorized and, of necessity, there must be some person before the court throughout the proceeding to represent the state and to control and direct the proceeding in behalf of the state.

■ The courts of Oklahoma have not passed directly on the question but the practice in Oklahoma in actions brought by the State in its own behalf is to name a relator.[6]

■ There are some decisions which indicate a relator need not be named where the action is by the state for its own benefit.[7] But clearly the state must be represented by an agent authorized to act. Here, the action was instituted on the relation of Phillips, Governor, who was authorized to act in behalf of the State. However, when he ceased to be Governor, he no longer was authorized so to act and it was necessary that an authorized agent be substituted to direct and control the proceeding in behalf of the State.

We accordingly conclude that the trial court properly dismissed the action for failure to substitute an authorized relator within the six-months' period, pursuant to Rule 25(d), supra.[8]

The judgment is affirmed.

HUXMAN, Circuit Judge (dissenting).

There are two lines of authorities, one holding that a state may maintain an action in which it is the real party in interest in its own name, without a relator,[1] and the other holding that such an action may be maintained only by a relator.[2]

Oklahoma has not squarely passed upon the question. In Simpson v. Hill, 128 Okl. 269 263 P. 635, 56 A.L.R. 706, the Oklahoma Supreme Court held that the state was a political entity or sovereign. The state being an entity, I fail to see why it may not proceed in its own name and right, the same as any other legal entity. Of course a state can act only by an agent. That is likewise true of a corporation, which is a legal entity. Notwithstanding that an action by a corporation must be authorized by a proper representative, it is not necessary that it be maintained by a relator. I see no reason why the rule should be otherwise when the legal entity is the state.

Whether an action has been authorized may be made a matter of defense. There must, however, be a presumption that a person, either natural or artificial, having the right to maintain an action, has authorized the institution of the action filed in court. I cannot agree with the statement in the majority opinion that a sovereign state can maintain an action only through the instrumentality of an agent authorized by law to act for it. The right of a state to maintain an action is inherent in its sovereignty. The right to direct the institution of the action resides in the officer charged with the administration of the law out of which the action arises. In the absence of a contrary statutory declaration, the governor is the officer charged with the execution of the laws of the state. In his administration of the affairs of the state, he may, and it becomes his duty to direct the institution of all actions necessary to protect the interests of the state. But it is

---

6 State ex rel. Tankersley v. Griffith, 171 Okl. 259, 42 P.2d 861; State of Oklahoma ex rel. Vassar v. Missouri-Kansas-Texas R. Co., D.C.Okl., 29 F.Supp. 968; State of Oklahoma ex rel. McVey v. Magnolia Petroleum Co., 10 Cir., 114 F.2d 111.

7 Fry v. State ex rel. Ristine, Auditor of State, 27 Ind. 348, 349; Attorney General v. Delaware & B. B. R. Co., 27 N.J. Eq. 1, 5. It is the usual practice in those jurisdictions, however, to name a relator. See Attorney General v. Delaware & B. B. R. Co., 27 N.J.Eq. 1, 5; Shook v. State ex rel. Stevens, Auditor, 6 Ind. 113, 115; McCaslin v. State ex rel. Evans, Auditor of State, 44 Ind. 151, 182.

8 State of Oklahoma ex rel. McVey v. Magnolia Petroleum Co., 10 Cir., 114 F.2d 111, 114; State of Oklahoma ex rel. Vassar v. Missouri-Kansas-Texas R. Co., D.C. Okl., 29 F.Supp. 968.

1 59 C.J. § 486; Fry et al. v. State ex rel. Ristine, Auditor of State, 27 Ind. 348; Attorney General v. Delaware & B. B. R. Co., 27 N.J.Eq. 1; Laussat's Fonblancque, Page 5, N.; Mitford's Pleading by Jeremy, 99; 1 Newland's Practice, 55; Blake's Chancery Practice, 40; Cooper's Equity, 101, 102; Hines v. Stahl, 79 Kan. 88, 99 P. 273, 20 L.R.A.,N.S., 1118, 131 Am.St.Rep. 280, 17 Ann.Cas. 298; State of Georgia v. Evans, 316 U.S. 159, 62 S. Ct. 972, 86 L.Ed. 1346. This action was brought in the name of the state without a relator. While the precise question is not discussed, the Supreme Court states that Georgia was a person within the meaning of the Sherman Anti-Trust Act.

2 See cases cited in Note 5, majority opinion.

not required that he bring the action as relator.

In the absence of a pronouncement by the Supreme Court of Oklahoma, I choose to follow the line of reasoning which holds that a right belonging to a state may be enforced in an action brought in its own name and without a relator.