CASE 5.—ACTION BY THE COMMONWEALTH ON THE RE-
LATION OF GEORGE H. ALEXANDER, REVENUE
AGENT, AGAINST JOHN BACON, TO RECOVER
TAXES ON OMITTED PROPERTY.—June 4.

## Commonwealth ex rel. Alexander v. Bacon

Appeal from Jefferson Circuit Court, Second Com-
mon Pleas Division.

THOS. R. GORDON, Judge.

Judgment for defendant. Plaintiff appeals.—Af-
firmed.

Judgment—Bar—Splitting    Cause    of    Action—Taxation.—The
omission of property from assessment in a given year gives
rise to a single cause of action, and where an action has been
brought to have the property assessed, and a judgment has
been rendered therein, the judgment is conclusive as to all
parties, and an action can not afterwards be brought to assess
other property omitted from the same assessment which was
not embraced in the first action.

M. J. HOLT, attorney for appellants.

POINTS OF LAW AND AUTHORITIES.

1. The State and not the revenue agent is the plaintiff, and
no valid compromise in any action can be made without the con-
sent of the party in interest. 25 Ky. Law Rep. 122.

2. The revenue agent can not compromise one of these pro-

Commonwealth ex rel. Alexander v. Bacon.

ceedings in such a manner as to preclude a further investigation or inquiry as to property not assessed. No hearing was had by the court and the court and not the revenue agent is the assessing officer. Const. 172, 52, 23 Ky. Law Rep. 390; 25 Ky. Law Rep. 2256.

3. The assessment made in the former proceeding does not preclude another assessment of other omitted property not assessed in the former proceeding.

4. In a proceeding under section 4241 of the Kentucky Statutes the court sits as an assessor, and not as a judge, and it is well settled that if property escapes one assessing officer another may assess it until all the property of the taxpayer is assessed. The action of this court is no more conclusive than the action of the assessor or board of supervisors. One proceeding does not preclude another until all the property of the taxpayer has been assessed for taxation. 88 Ky. 675; 84 Ky. 513-14. See kind of order entered "the Court shall enter an order," 4241 Ky. Stats.

5. When either the assessor or the board of supervisors of this court fixes the value of certain specified property that valuation is conclusive and to that extent only is one proceeding a bar to another proceeding under section 4241 of the Kentucky Statutes.

6. Section 4241 of the Kentucky Statutes should be construed liberally and in such manner as to accomplish the purpose of its enactment. L. & E. Mail Company v. Barbour, 88 Ky. 73.

R. C. KINKEAD, attorney for appellee.

POINTS OF LAW.

1. This action can not be maintained because of the entry of a judgment in a former action in the same court between the same parties for taxes for exactly the same years.

2. The record does not show that the judgment in the first action was in any wise a compromise of the proceeding.

3. The action of the court in the first suit insofar as it fixed the value of the property assessed and insofar as it determined that is was all the property omitted, was final.

5. The judgment in the first action can not be attacked in an entirely different proceeding, but only in the action in which it is entered.

Commonwealth ex rel. Alexander v. Bacon.

AUTHORITIES CITED.

Courier Journal Job Printing Co. v. Columbia Fire Ins. Co., 21 Ky. Law Rep. 1259; Lucas v. Com'lth, 28 Ky. Law Rep. 372; Belknap v. Com'lth, 28 Ky. Law Rep. 473; Cassidy Auditor's Agent v. Young County Judge, 92 Ky. 228; Com'lth v. Newell, 24 Ky. Law Rep. 1197; Baldw'n v. Shine, 84 Ky. 502; Com'lth v. Morehead, 78 S. W. 1105; Com'lth v. Reed, 98 S. W. 2941; Com'lth v. Mitchell, etc., 99 S. W. 670.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming

On April 1, 1905, A. J. Bizot, as revenue agent, instituted in the Jefferson county court proceedings in the name of the commonwealth of Kentucky against John Bacon to compel the listing for taxation of intangible personal property claimed to have been omitted from assessment for the years 1901, 1902, 1903, 1904 and 1905. The defendant filed an answer, and on May 26, 1905, a judgment was entered in the action by which personal property of the value of $3,750 was assessed to Bacon as omitted for each of the years 1901, 1902, 1903 and 1904, and $10,000 for the year 1905. Bacon paid the taxes and penalties as fixed by the judgment. In the meantime, on May 24th, this proceeding was instituted in the name of the commonwealth by George H. Alexander, as revenue agent, against the same defendant, seeking to have listed intangible personal property omitted from taxation for the same years. The statement filed in the second case is similar to that filed in the first case, except that it fixes the amount of the intangible property omitted from assessment at a larger figure than in the first case. The defendant pleaded the judgment rendered in the first suit in bar of the second. The county court sustained the plea and dis-

missed the proceeding. The commonwealth appealed to the circuit court, who concurred in the judgment of the county court, and from this judgment the appeal before us is prosecuted.

It is insisted for the appellant that, if one assessing officer assesses a part of the taxpayer's property and omits a part of it, the part so omitted may be assessed by another assessing officer; that the county court, in making an assessment under section 4241, Ky. St. 1903, is simply an assessing officer, and, if in one proceeding a part of the defendant's property is omitted, the part so omitted may be assessed in another proceeding. We cannot concur in this view, for then, after this proceeding is tried, another revenue agent might bring a third suit on the ground that some of the defendant's property is still omitted from assessment, and so there would be no limit to the number of suits which the taxpayer might be called on to defend as to the assessment of his property. The proceeding under section 4241 is a proceeding by the commonwealth. The revenue agent is only the officer authorized to institute the proceeding. It is the commonwealth's suit. The commonwealth, like all other suitors, must in one action state its whole claim, and, when a recovery has been had in one action, there can be no other action based on the same cause of action. When the defendant is proceeded against in the county court to have property assessed which has been omitted from assessment for a given year, the court determines what property has been omitted from assessment, and the judgment, unless appealed from or vacated in some way, is equally binding both upon the commonwealth and upon the defendant. The statute does not contemplate a succession of suits under that section to list property

omitted from assessment in a given year. The omission of property from a given assessment is the cause of action, and, when this cause of action is merged in a judgment, no other suit can be brought upon it while that judgment is in force, unless it is collusive.

Judgment affirmed.