Commonwealth v. Churchill.

CASE 27.—ACTION BY THE COMMONWEALTH BY GEORGE
H. ALEXANDER, REVENUE AGENT, AGAINST THE
COLUMBIA TRUST COMPANY, TRUSTEE FOR
JULIA CHURCHILL TO ASSESS OMITTED PROP-
ERTY.—January 8.

## Commonwealth v, Churchill

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Second Division).

THOS. R. GORDON, Judge.

From a judgment in the County Court and in the
Circuit Court dismissing the proceeding the Common-
wealth appeals.—Affirmed.

1. Taxation—Proceedings To Assess Omitted Property—Appeal
—Amendment.—The circuit court on appeal from the county
court dismissing a proceeding to assess property omitted may,
after the submission of the case, allow an amendment of the

answer so as to plead a former judgment in bar.

2.  Judgment—Res Judicata.—In proceedings against a trust com-
    pany to assess omitted property in its hands as trustee a
    judgment which does not specify the estate held by the trust
    company, but merely fixes the amount due from the company
    for designated .years, is a bar to a subsequent proceeding
    of the beneficiaries to assess omitted property during such
    years.

3.  Same—Judgment—Res Judicata.—The scope of a judgment
    does not depend on the proof heard on the trial, and, if plain-
    tiff fails to prove a part of his· case, he cannot in a second
    ·action sue for that which he might have recovered in the
    first action.

4.  Same—Merger and Bar of Causes of Action—Judgment by
    Agreement.—In determining whether a matter is res judicata,
    precluding a subsequent action it is immaterial that the
    former judgment was entered on an agreement between the
    parties.

5.  Same—Scope of Prior Adjudication.—Parol evidence is not
    admissible in a ˈsubsequent litigation to prove what was, in
    fact, determined by a former judgment.

6.  Taxation—Proceedings To Assess Omitted Property—Trust
    Property.—A proceeding by a state revenue agent against a
    trust company as trustee for a designated beneficiary to assess
    property omitted from assessment is against the trustee, and
    not against the trust estate, and no judgment can be rendered
    against the trust estate, but the judgment is against the
    trust company, which is personally liable under Ky. St. 1903,
    sections 4023, 4050, for the taxes.

7.  Same — Assessment — Determination of Property Taxable—
    Judgment.—While the county court acts ministerially in as-
    sessing property, it acts judicially in determining whether
    property is subject to assessment, and its determination that
    property is not subject to assessment is conclusive on the
    Commonwealth, unless reversed on appeal.

M. J. HOLT for appellant.

ROWAN HARDIN for appellee.

No briefs—record misplaced.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On October 16, 1906, George H. Alexander, a revenue agent of the State at large, filed a statement in the Jefferson county court under section 2441, Ky. Stats., 1903, against the Columbia Trust Company, trustee for Julia Churchill, to have assessed as omitted property for the years 1902, 1903, 1904, 1905, and 1906 the personal property held by the trust company as trustee for her. The trust company filed an answer, pleading that Julia Churchill was a non-resident of the State and resided in New York. Upon a hearing in the county court, the proceeding was dismissed. The Commonwealth appealed to the circuit court. In the circuit court, after the case had been submitted, the court allowed the defendant to file an amended answer pleading a former judgment in bar of the proceeding. On final hearing in the circuit court, the proceeding was again dismissed, and the Commonwealth has appealed to this court.

The amended answer set up a matter of record. The circuit court did not abuse a sound discretion in setting aside the submission and allowing the amended answer to be filed. The policy of the Code is to allow amendments of the pleadings, so that justice may be better administered. L. & N. R. R. Co. v. Hall, 115 Ky. 567, 74 S. W. 280, 24 Ky. Law Rep. 2481. The plea in bar set up the fact that a similar proceeding had been instituted against the trust company by A. J. Bizot for the same years; the only difference between the two proceedings being that in the case instituted by Bizot it was stated that the trust company had in its hands a large number of estates

which it held as trustee or in trust for the owners, and which had been omitted from assessment, but no estate was specified or named in the statement. The trust company in that case moved the court to require the plaintiff to make the statement more definite, and to state what estates were sought to be listed. The court overruled the motion, and, the case being heard, a judgment was entered fixing the amount due by the trust company for the years named at $3,000. This was paid. The proceeding before us was instituted after that judgment had been rendered, and after it had been satisfied. The fact that the estate of Julia Churchill was not named in the statement in the first case does not affect the scope of the judgment. Under the allegations of the pleading there, the Commonwealth could have shown that the trust company had the estate of Julia Churchill in its hands, and that it had been omitted from assessment. The scope of a judgment does not depend upon the proof heard on the trial; for, if the plaintiff fails to prove a part of his case, he can not in a second action sue for that which he might have recovered in the first action if he had proved his case as he ought to have done. The trustee is personally liable for the taxes. Ky. Stats., 1903, sections 4023, 4050. The personal liability of the trustee might be asserted in an action against the trustee, and the judgment in the first action is conclusive as to what this personal liability is. The purpose of the first action was to charge the trust company with the taxes on all the trust property in its hands as trustee which had been omitted from assessment during the years named. The estate of Julia Churchill could have been assessed in that proceeding. Whether it was assessed in fact or not is a question we need not determine. If it

might have been assessed in that proceeding, the result is the same whether it was in fact included in the judgment or not. To hold otherwise would be to say that the trust company may still be made liable for all the trust estates then in its hands in different proceedings against it as trustee for each estate, and that that proceeding is no protection to it at all. This is not a suit against the trust estate, and no judgment against the trust estate can be rendered in this action; for Julia Churchill, the cestui que trust, is not a party to the action, and no judgment can be rendered against the trust estate unless the cestui que trust is a party to the suit. The addition of the words "trustee of Julia Churchill," after the name of the trust company in the petition, only served to show what property was sought to be assessed. The trust company was sued, and, if it had ceased to be trustee before the suit was brought, it could not have shown this in defense of the action. If any judgment were rendered in this case, it would be a personal judgment against the trust company precisely similar to that rendered in the former case.

In Newman on Pleading, section 185 (last Ed.), the rule is thus stated: "We have already noticed the fact that by special provision of the Code a trustee of an express trust—a person with whom or in whose name a contract is made for the benefit of another—may bring an action without joining with him the person for whose benefit it is prosecuted. We have also seen that the trustee and the cestui que trust may join as co-plaintiffs at their election; but the converse of these propositions is not the rule of the law where the trustee and the cestui que trust are sued as defendants. Both the trustee and the cestui que trust are in general necessary parties to any action brought

against either affecting the trust estate. A judgment obtained either against the trustee or the cestui que trust alone is generally ineffectual; but, if the trustee be merely a legal title holder, and the real interest is in the beneficiary, who is made a party to the action, the decree is not void, but erroneous only." See, to same effect, Pomeroy on Code Pleading, sections 333, 334. This was the rule in equity before the adoption of the Code, and has been followed by this court under it. Bush v. Bush, 2 Duv. 269; C. & L. R. R. Co. v. Bowler, 9 Bush 468. The pleadings do not show the nature of the trust under which the property was held or how it was created. They simply show that the trust company holds the property as trustee for Julia Churchill.

While the county court acts ministerially in assessing property, it acts judicially in determining whether it is subject to assessment, and so an appeal lies from so much of its judgment as determines whether the property is subject to assessment. When the county court in the former proceeding held that certain property had been omitted from assessment it necessarily held that this was all that was omitted of the property sought to be assessed in the statement. The determination of the county court that the other property referred to in the statement was not subject to assessment is conclusive upon the Commonwealth. Commonwealth v. Bacon, 102 S. W. 839, 31 Ky. Law Rep. 472, 126 Ky. 30. The conclusive effect of that judgment can not be affected by parol evidence in this action as to what was in fact assessed in that action; nor is it material whether it was an agreed judgment or otherwise. Unless the judgment is opened in the manner provided by law, it can not be attacked collaterally, and no judgment can be had here for relief

which might have been had there if the evidence had been adduced. Davis v. McCorkle, 14 Bush 746; Anderson v. Meredith, 9 S. W. 407, 10 Ky. Law Rep. 460, 82 Ky. 564; Couchman v. Bush, 83 S. W. 1039, 26 Ky. Law Rep. 1277.

Judgment affirmed.