## Commonwealth v. Helm.

(Decided March 16, 1916.)

### Appeal from Hardin Circuit Court.

1. Judgment—Collateral Attack—Omitted Property.—A judgment in a suit to assess omitted property under section 4260 Kentucky Statutes, cannot be attacked collaterally upon the ground that it was procured by fraud.

2. Judgment—Suit to Assess Omitted Property—Pleading.—A judgment in such a proceeding is not void because the petition therein does not describe the property to be assessed as provided in subsection 7 of section 4260 of the Kentucky Statutes.

MATT J. HOLT and B. A. BUCKLES for appellants.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On November 24, 1913, appellant began this action in the Hardin county court seeking to assess certain property alleged to have been omitted from assessment by appellee for the years 1909, 1910, 1911, 1912, and 1913.

Appellee filed answer, by the first paragraph of which he denied ownership of the property, or that any of it was omitted from assessment for any of said years.

By a second paragraph he plead in bar a judgment of the Hardin county court in another suit adjudging that he had not omitted any of said property from assessment for the years 1909 and 1910.

By a third paragraph he plead as a bar to this action a judgment in another suit of the Commonwealth by T. W. Hart, sheriff, against him, adjudging that he had omitted from assessment for the years 1911, 1912, and

1913, "stocks in foreign corporations, notes, bonds, cash, cash on deposit in bank and other credits" to the amount of $10,000.00, and assessing the same against him for said years.

The case in which the judgment set up in this third paragraph of appellee's answer was rendered was appealed to the Hardin circuit court, and thence to this court. The opinion of this court in said case is reported in Commonwealth v. Helm, 163 Ky., 69, where a statement of the facts involved in this action may be found.

In the first paragraph of the reply filed appellant alleges that the judgment, set out in the third paragraph of the answer as a bar to this proceeding with reference to the years 1911, 1912, and 1913, is a nullity and should be disregarded, because the petition upon which said judgment was based described the property sought to be assessed only in general terms, and did not describe same as section 4260, sub-section 7, of the Kentucky Statutes provides shall be done; and that said judgment was procured by appellee by fraud.

In the second paragraph of said reply no allegation of fact set up in the second paragraph of the answer is denied, but it is denied therein that said facts constituted a bar to this action in reference to the years 1909 and 1910.

The lower court sustained a demurrer to this reply and each paragraph thereof, and appellant declining to plead further, dismissed its petition, from which judgment this appeal is prosecuted.

The second paragraph of the reply having simply denied the effect of a judgment without denying its existence, states only a conclusion of law and, therefore, is not a good pleading in avoidance of said judgment, and it results that the judgment set up in the second paragraph of the answer was not avoided by the reply and is a bar to this proceeding to assess appellee's property for the years 1909 and 1910, and that the court did not err in sustaining a demurrer to that paragraph of the reply. Commonwealth v. Bacon, 126 Ky., 33, and Commonwealth v. Churchill, 131 Ky., 251.

The second paragraph of the reply attempts to avoid the judgment in the case of Commonwealth, by T. W. Hart, Sheriff, against appellee, set up in the third paragraph of the answer upon the following grounds: (1) That the petition in that case described the property

sought to be assessed for the years 1911, 1912, and 1913 in general terms only, and not as required by sub-section 7 of section 4260 of the Kentucky Statutes, and that the judgment therein is consequently void and may be disregarded; (2) because it is alleged that said judgment was procured as the result of fraud upon the part of appellee.

The second reason assigned in the second paragraph of the reply that the judgment was procured by fraud is not an open question. It was decided adversely to appellant's contention in the suit of Commonwealth v. Helm, 163 Ky., 69, which action was between the same parties as are the parties in this action, and this court has held in an unbroken line of decisions that a judgment in actions such as this to assess omitted property is conclusive between the parties just as in other actions, and that same cannot be collaterally attacked upon the ground of fraud, but must be assailed, if at all, in a direct proceeding instituted for the purpose under the provisions of the code. Gaines v. Johnston, 12 K. L. R., 779; Commonwealth v. Churchill, 131 Ky., 251, and numerous other cases.

2. The first reason assigned in said second paragraph of the reply, while it presents the construction of a provision of a statute enacted at the 1912 session of the Legislature, which has not heretofore been directly passed upon, does not present any novel question. The act of 1912 referred to re-enacts section 4260 of the Kentucky Statutes *in toto* so far as same is involved here, and adds thereto sub-section 7, as designated in the 1915 Carroll Statutes, which is as follows:

"From and after the period when this act shall take effect no suit shall be instituted by an Auditor's agent or other officer of this Commonwealth to cause the listing for taxation of property alleged to be omitted from assessment unless the petition or statement states specifically the items of property, designating them by name and character and giving the amount thereof.

"This act shall not relieve the county attorney of his duty of acting as attorney for such agent or to deprive him of the compensation now allowed him by law."

Prior to this amendment said section contained the following provision which is retained in the act of 1912, to-wit:

"No judgment by default or otherwise shall be rendered against such alleged owner unless the statement shall contain such a description of the property sought to be assessed as will enable the court to identify it."

As said statute existed prior to the amendment of 1912 containing the provision last above quoted, this court has held that the provision therein requiring such a description of the property as would identify it was merely directory, and while a failure to so describe the property would render the petition bad on demurrer, the Commonwealth could not take advantage of such failure.  Commonwealth v. U. S. Trust Co., 117 S. W., 314; Commonwealth v. Bacon, 126 Ky., 33; Commonwealth v. Churchill, 131 Ky., 251.

Counsel for appellant contends, however, that since the enactment of sub-section 7 of said statute in 1912, a petition failing to describe the property sought to be assessed as required by said sub-section is not only defective upon demurrer, but that it and all proceedings had thereon are absolutely void and without effect; that said provisions are mandatory and jurisdictional, and that such a petition and any judgment based thereon being a nullity may be disregarded without being set aside.  In this contention we are unable to concur.

In our judgment this sub-section was not intended to avoid the effect of the construction theretofore placed upon said law.  It did not attempt to confer or withdraw jurisdiction in such matters, nor in fact does it materially change the meaning or effect of said law.  It not merely reiterates, but states in another way and more definitely how the property must be described before such a proceeding can be successfully maintained; and surely it was never intended to permit the Commonwealth, after having secured a judgment listing property for taxation upon an inadequate description thereof and having collected the taxes thereon, in another proceeding to disregard and treat as a nullity such a judgment, which the Commonwealth would be enabled to do if appellant's contention here is sustained.

In our judgment this sub-section is merely directory of what must be stated to constitute a good petition, and a failure to comply with said provision renders the petition demurrable, but does not render the judgment void or liable to attack collaterally.  In other words, its only purpose and effect is to require of reve-

nue agents more accuracy in the preparation of actions prosecuted by them under the authority already given them.

It, therefore, results that the reply having failed to plead any facts sufficient to avoid the judgments set up in the answer in bar to this proceeding, that a demurrer thereto was properly sustained, and appellant declining to plead further, that its petition was properly dismissed.

Wherefore the judgment is affirmed.