## Kentucky Union Company v. Commonwealth.

(Decided November 16, 1917.)

### Appeal from Perry Circuit Court.

Taxation—Omitted Property—Penalties.—When a property owner files his list of taxable estate with the assessor as is required by section 4052 of the Kentucky Statutes, the failure of the assessor to make out a tax bill against the property owner does not make the property owner liable for the penalty imposed by the statute upon the assessment of omitted property.

S. M. WILSON for appellant.

C. W. NAPIER for appellee

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This is a proceeding by the sheriff of Perry county to assess for taxation certain property of the Kentucky Union Company, which had been omitted from assessment and taxation for the year 1913. Judgment went for the plaintiff in the county court for the tax and the statutory penalty, whereupon the company appealed to the

Perry circuit court.  A trial in that court also resulted in a judgment for the plaintiff, and the company has prayed an appeal in this court.

We have had some difficulty in ascertaining with any degree of satisfaction precisely what property of the company it is sought to assess, or upon what property, if any, the defendant has paid the tax for the year in question.

The statement or petition is required by subsection 7 of section 4260 of the Kentucky Statutes to state specifically, the items of property, designating them by name and character and giving the amount thereof. But in this case it merely states that the defendant company owned and possessed eleven tracts of land aggregating 8,335 acres, worth $20.00 per acre, situated on Leatherwood creek, and its tributaries, tributary of the north fork of the Kentucky river, in Perry county, Kentucky, and that the company failed, refused and omitted to list its said property for taxation for the year 1913. The prayer asks that the property be listed for taxation and that the company be required to pay the statutory penalty of twenty per cent. on the amount of taxes collected.

The answer traverses the petition and affirmatively alleges that the defendant listed all of its property in Perry county for the year 1913, as required by law.

The judgment is equally indefinite and uncertain since it merely finds that the defendant was the owner of numerous tracts of land aggregating 8,335 acres, situated on Leatherwood creek and its tributaries, tributary of the north fork of the Kentucky river, in Perry county, in precinct No. 6, of said county; that said land was reasonably worth $98,848.00, and should pay a tax thereon of fifty cents to the state and county, respectively, and twenty cents to the schools of Perry county for the year 1912, aggregating the sum of $1,186.26; and that the defendant should pay the sheriff the statutory penalty of twenty per cent. upon $1,186.26, amounting to $237.25, with interest from September, 1913, for which he was given a lien upon the land.

The proof shows that on October 7, 1912, the company filed, with the proper officer, a descriptive list of its lands containing seven specified items, aggregating 7,435 acres, and valued at $7.00 per acre, making an aggregate valuation of $52,045.00. Later, on December 13th of the same year the company filed a supplemental list of lands owned by it in Perry county containing four specified items of 1,000 acres, and valued at $5.00 per acre, aggregating

the further sum of $5,000.00, thus making a total of 8,435 acres at a total valuation of $57,045.00. It will thus be seen that while the petition sought to tax 8,335 acres of omitted property the two descriptive lists filed by the company show that it had listed 8,435 acres, or 100 acres more than the Commonwealth sought to tax by its petition.

It further appears, however, that these lists were mislaid and were not used by the assessor in making his assessment. The county was building a new court house at the time and the county officers were occupying temporary and crowded quarters wherever they could be obtained. In this way no tax bill was made out against the company for the year 1913.

This omission of the assessor was discovered by the attorney of the company when he applied to the sheriff to pay the taxes, and shortly or immediately thereafter the sheriff filed this action on September 4, 1913, while the company still had the right to pay its taxes, if they had been assessed in the usual way.

Upon the trial of the case the county court valued the company's property at $98,848.00, and assessed a tax thereon of $1,186.26, to which it added the statutory penalty of $237.25. The company paid the tax of $1,186.26, and prayed an appeal to the circuit court from so much of the judgment as imposed the penalty of $237.25, insisting that since it was not delinquent in any respect in filing its assessment list the failure of the assessor to make the assessment did not make the company liable for the penalty. The circuit court ignored the argument and the company now urges it here in support of its prayer for an appeal and a reversal.

Section 4052 of the Kentucky Statutes requires the property owner to list his taxable estate with the assessor as of the first day of September, in the year it is listed.

Section 4056 provides that the tracts of land shall be stated separately, with the acreage of each tract, the value per acre, the improvements thereon, the name of the nearest resident thereto, and where situated, giving the election precinct in which it is situated. The same section provides that no error or informality in the description or location of the property, or in the name of the owner or party assessed shall invalidate the assessment, if the property can with reasonable certainty be located from the description given. A failure, however, to comply with this provision as to the description does not

render the judgment void.  Louisville Bridge Co. v. City of Louisville, 22 Ky. L. R. 703, 58 S. W. 598; Commonwealth v. Helm, 169 Ky. 197.

It then becomes the duty of the assessor to assess the property from the statement of the person listing the property, and such other evidence as he may be able to obtain, and make out a tax book accordingly.  Kentucky Statutes, sections 4053, 4054.

Section 4061 makes it the further duty of the assessor to report to the county court clerk the names of all persons refusing to give a list of their property; and the clerk in turn is required to notify the board of supervisors of said refusal.  And, section 4061 further provides that in case of the failure of the county board of supervisors to get a full and complete list of the property of any person, it shall notify the clerk, whereupon the county court, after five days' notice, is directed to proceed and determine the delinquent's property and its value, and, in its discretion, it may impose upon the recusant a fine not exceeding $100.00.

But by section 4063 it is expressly provided that the county court may, in such a case, excuse the defendant from payment of the fine if it be satisfied that the defendant was not wilfully in default.  Furthermore, sections 4241 and 4260, which impose the penalty upon the assessment of omitted property, except from their operation those cases where the property shall have been properly listed by the owner thereof.

It will thus be seen that the statute imposes certain duties upon the property holder; other duties upon the assessor; and expressly exempts the property owner from punishment or penalty when he files his statement, or fails unwittingly to do so.

The meaning and effect of this exempting provision was before this court in American Tobacco Co. v. Commonwealth, 162 Ky. 716.  In that case the tobacco company listed its property, but some of the property so reported was omitted from taxation by the taxing officer. Under those circumstances the court held that section 4263 of the Kentucky Statutes under which the penalty was imposed should be read in connection with section 4260 above referred to, and that the company could not, under the circumstances, be considered in default or as a delinquent.  The decision was based upon the fact that while the law makes it the duty of the taxpayer to pay the tax after it has been fixed by the assessing officer, and

pay all that has been thus fixed and demanded, the taxpayer is not in default when he files the statement required by the statute. To the same general effect see Commonwealth v. J. M. Robinson Norton Co., 146 Ky. 218; Commonwealth v. L. & N. R. R. Co., 149 Ky. 829.

We have assumed in this opinion that the lists filed by the appellant contained all the property of the appellant in Perry county, and that this proceeding is for the purpose of taxing the same property, and no other. The case is briefed upon that theory, and since neither the pleadings nor the judgment described any property with such a degree of certainty as to enable one to identify it, it will be presumed that the land which the plaintiff now seeks to tax as omitted property is the same land that the company listed.

In assessing the property at $98,848.00 the lower court acted within its jurisdiction, since the property had not been assessed, and for the taxes thus fixed the company was liable; but it was not liable for the penalty because it was, in no respect, in default.

Appeal granted; judgment reversed; and action remanded with instructions to the circuit court to set aside so much of the judgment as awarded the penalty against the appellant.