## Irvine Toll Bridge Company, et al. v. Williams.

(Decided February 14, 1928.)

### Appeal from Estill Circuit Court.

1. Judgment.—Judgment of court of competent jurisdiction not only binds parties, but it is their duty to respect the law and carry out judgment until it is set aside.

2. Bridges.—County fiscal court, having authority to purchase bridge from tolls collected, as provided by agreed judgment, had authority to do such things as were reasonablly necessary and appropriate for best interests of county, and hence could contract for painting bridge.

3. Bridges.—One painting toll bridge under contract, let by fiscal court after entry of agreed judgment that bridge should become county's property when net tolls collected amounted to stated sum, could recover therefor from county, though judgment was afterwards set aside for want of power in bridge company's president to agree thereto.

4. Bridges.—One painting bridge under contract, let by county fiscal court after entry of agreed judgment that bridge should become county's property when net tolls collected amounted to stated sum, held not entitled to judgment against bridge company, which repudiated judgment, and had it set aside for want of power in its president to agree thereto.

RIDDELL & SHUMATE for appellants.

R. R. FRIEND for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming in part and reversing in part.

In the year 1909, the fiscal court of Estill county duly entered an order for the sale of the franchise at public auction for a toll bridge across the Kentucky river

at Irvine. The franchise was sold; the purchasers of the franchise erected a steel bridge at the cost of $26,000; and proceeded to collect tolls on it. In 1923 the county, conceiving that the grant of the franchise by the fiscal court was without authority, brought an action in the Estill circuit court to enjoin the bridge company from further collecting tolls. The issues were made up, and, on February 1, 1924, an agreed judgment was entered that an agent of the fiscal court and an agent of the bridge company should collect jointly the tolls, and when the tolls collected, less necessary expenses, amounted to $16,-000, the bridge should become the property of Estill county. The agents of the county and the bridge company took charge of the bridge and the collection of the tolls in pursuance of the judgment. In this condition of things the fiscal court, on April 24, 1924, made an order directing D. M. Williams to paint the bridge for $600. Williams went to work upon the bridge in June under the order. About this time the county brought an action against the bridge company to recover possession of the bridge on the ground that the net tolls then collected were sufficient to pay the $16,000. On July 30, 1924, the bridge company brought a suit against the county to set aside the agreed order on the ground that it was made by its president without authority. These actions were heard together. The circuit court gave judgment in favor of the county. But, on appeal to this court, it was held that the agreed judgment of February 1, 1924, should be set aside for want of power in the president of the company to agree thereto. Irvine Toll Bridge Co. v. Estill County et al., 210 Ky. 170, 275 S. W. 634. The fiscal court refused to pay Williams for his work, and he brought this action against it and the bridge company. On final hearing in the circuit court, judgment was entered in favor of Williams against both the county and the bridge company. They appeal.

The substance of the agreed judgment was thus stated by this court in the opinion above referred to:

"In other words, the substance of the agreement was that the president of the bridge company sold to Estill county its bridge for the sum of $16,-000.00, but the county did not have the money with which to pay the purchase price and agreed that the bridge company might earn it for the county by operating the bridge."

In Commonwealth v. Churchill, 131 Ky. 256, 115 S. W. 189, the court, having before it this question of the effect of a consent judgment, said:

> "The conclusive effect of that judgment can not be affected by parol evidence in this action as to what was in fact assessed in that action; nor is it material whether it was an agreed judgment or otherwise. Unless the judgment is opened in the manner provided by law, it can not be attacked collaterally."

To the same effect see 15 R. C. L. 646, sec. 90.

In 15 R. C. L. 569, the word "judgment" is thus defined:

> "A judgment is the law's last word in a judicial controversy. It may therefore be defined as the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it, in an action or proceeding."

When there is a controversy between two parties, the courts are the proper tribunal to decide it, and the judgment of a court of competent jurisdiction not only binds the parties, but it is their duty to respect the law and to carry out the judgment as long as it remains in force. The substance of the agreed judgment was that the bridge should become the property of the county when the $16,000 was paid from the tolls. It was the duty of both the fiscal court and the bridge company to carry out the judgment in good faith until it was set aside. If the county had not painted the bridge, and had left this to be done and paid for out of the tolls, this would simply have added $600 more to be paid from the tolls before the bridge became free. The county was thus simply paying a part of the price of the bridge out of its own funds instead of allowing the whole price to be paid out of the tolls, and thus deferring the time when the bridge would become free.

While the legal title to the bridge was not in the county, a contract had been made by which, if carried out, the bridge would become the property of the county. The fiscal court, having authority to purchase the bridge on the terms indicated, had authority to do such things as were reasonably necessary and appropriate for the best interests of the county. The fact that the litigation

afterwards arose, and that in that litigation the bridge company repudiated the action of its president and attorneys, in no wise affected the legality of the order of the fiscal court when it was made. Timely painting of an iron bridge is a very proper expenditure of money, for rust will eat it up. There was a good-faith controversy between the parties and this controversy had been settled by the circuit court by a judgment under which this bridge would become a county bridge when the $16,000 was paid out of the tolls. If the fiscal court should buy a secondhand truck and order it repainted in order to execute a judgment of the circuit court, would any one suppose that the validity of the claim of the repair man for his work would be affected by the fact that this court afterwards reversed the judgment? Suppose the jail in the county was insufficient, and the fiscal court had contracted with a corporation for a house and lot to be used as a jail under a judgment of the circuit court similar to that above set out, and had then made a contract with Williams to paint the house, would any one suppose that Williams would not be entitled to his pay, although it afterwards appeared that the officers of the corporation had gone beyond their authority in making the agreed judgment for the sale of the house, and the judgment was so set aside? The court therefore concludes that the judgment in favor of Williams against Estill county was authorized, and it is affirmed.

The judgment in his favor against the bridge company, though rests upon no sufficient basis. He had no contract with the bridge company. The bridge company did not authorize him to do the work. Whether the bridge company, after repudiating and setting aside the agreed judgment, is liable to the county for its expenses incurred under the judgment, is a question not presented by the record, and not proper to be determined, as they are not adversary parties in this case.

The judgment in favor of Williams against the bridge company is reversed, and cause remanded for further proceedings consistent herewith.