Roger Lawrence HORNBACK, Appellant,

v.

Carolyn K. HORNBACK (Now
Skaggs), Appellee.

Court of Appeals of Kentucky.

July 16, 1982.

John W. Bland, Jr., Lewis, Bland & Preston, Elizabethtown, for appellant.

Robert H. Littlefield Legal Aid Society, Inc. Elizabethtown, for appellee.

Before HAYES, C. J., and LESTER and McDONALD, JJ.

McDONALD, Judge:

In this case a decree dissolving the marriage between Roger Lawrence Hornback and Carolyn K. Hornback (now Skaggs) was entered on April 11, 1980. The issue of custody of the parties' three infant children was reserved and then finally submitted by depositions. The deposition testimony was referred to a trial commissioner who made his findings of fact and conclusions; it was then referred to the circuit judge for final judgment.

The trial court entered a final judgment on October 7, 1980, a portion of which states:

IT IS FURTHER ORDERED AND ADJUDGED that the Respondent, Carolyn K. Hornback, is temporarily denied visitation privileges with the infant children; AND SHE IS FURTHER ORDERED to refrain from attempting to visit with said children in the home of Marie Mitchell Blair [paternal grandmother] under penalty of contempt of this court. IT IS FURTHER ORDERED that upon receipt of Certification by Comprehensive Care that the Respondent is mentally and emotionally stable, she may request this Court to reconsider and amend this Order to permit supervised visitation at a time and place designated by this Court.

Neither the natural father nor mother were awarded custody of the children because of their severe mental problems. As noted, the judgment granted temporary custody to the paternal grandmother. No appeal was taken from the judgment.

On April 11, 1981, by an amended motion, Carolyn Hornback moved the court for modification of its judgment so as to allow her to have regular visitation with her children. Again, proof supporting the motion for modification was submitted by depositions, and the depositions were referred to a trial commissioner who made findings of fact and a recommendation to the circuit court. The trial commissioner's findings of fact in part stated:

2. The depositions of Patricia Karpinski, certified psychologist, and Bill Nusz, family service worker, were taken May 29, 1981. It appears that respondent has improved, but it is not determined that she is mentally and emotionally stable.

3. Respondent has seen the children only once in the past ten months. It appears that her efforts to improve should be rewarded, and she should be with the children at times, if the visitation does not endanger seriously their physical, mental, moral or emotional health.

The trial court, with a special judge now sitting, summarily signed an order based on the recommendation of the trial commissioner which in effect modified the previous judgment thereby granting Carolyn Hornback visitation with her infant children. No testimony was offered on behalf of the children, the father, Roger Hornback, or the temporary custodian, Marie Mitchell Blair.

K.R.S. 403.320(1) provides that the noncustodial parent be entitled to reasonable visitation unless it is found that visitation would endanger seriously the child's physical, mental, moral, or emotional health. In this instance, the original judgment excluded the natural mother from having visitation with her children. This judgment was not appealed. Further, the judgment laid the ground rules upon which Carolyn Hornback could redeem herself and establish visitation rights. Being an unappealed judgment, it is the law of the case between the parties. It must be complied with when considering modification along with K.R.S. 403.320(2). We refer to the direction given us in *Irvine Toll Bridge Co. v. Williams*, 223 Ky. 141, 3 S.W.2d 193 (1928),

A judgment is the law's last word in a judicial controversy. It may therefore be defined as the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it, in an action or proceeding. . . . and the judgment of a court of competent jurisdiction not only binds the parties, but it is their duty to respect the law and to carry out the judgment as long as it remains in force.

*Stuber v. Snyder's Committee*, 261 Ky. 338, 87 S.W.2d 614 (1935), on this point states, "The order overruling the exception . . . is the law of the case until set aside, modified or reversed." In *Harding v. Harding*, 145 Ky. 315, 140 S.W. 533 (1911), multiple judgments were entered in a case and our highest court said (referring to one of the judgments), ". . . it was nevertheless a final judgment, and could have been corrected only by an appeal to this court."

Here, we do not find either the judgment or the statute being complied with. The judgment required that before the mother would be granted visitation, her mental health must be improved to the point where she was mentally and emotionally stable. Her mental and emotional stability was to be verified by Comprehensive Care. (Comprehensive Care is a regional Community Mental Health/Mental Retardation Board licensed by the State of Kentucky.) This was not an unreasonable condition of the judgment; but regardless of its reasonableness, it remains the law between the parties in this case since it was unappealed. Upon modification, however, the trial court found, through its trial commissioner, that the natural mother should be rewarded for her efforts to seek help through professionals, and therefore, she should be with her children at times. That is not the standard required to be applied by the judgment nor

by the statute for modification. The conclusory or ultimate fact to be found as required by the statute is a "best interests of the child" standard.

First we consider the initial visitation judgment. Under K.R.S. 403.320(1), the noncustodial parent has absolute entitlement to visitation unless there is a finding of serious endangerment to the child. No "best interests" standard is to be applied; denial of visitation is permitted only if the child is seriously endangered. A finding that the Hornback children would be seriously endangered if the appellee were permitted visitation was embodied in the original order denying her visitation.

Under subsection (2) of the statute, a "best interests" of the child standard is required when a judgment is sought to be modified. In modifying a previous denial of visitation to allow visitation, there is no presumption, as in subsection (1), of entitlement to visitation. Instead, the child's best interests must prevail. In this case, having found in the original judgment that the Hornback children's welfare would be endangered if the mother were allowed visitation, the court may not now modify that judgment without a finding that the modification would be in the children's best interests. No such finding appears in the judgment; instead, the court is apparently attempting to "reward" the mother for seeking psychiatric help.

We interpret the second clause of subsection (2) as referring to a situation where a party seeks to modify visitation rights that have been previously granted. In such a situation the court may not take away a parent's visitation rights without a showing that the child would be seriously endangered by visitation. The standards for modifying a judgment to disallow visitation are no less stringent than the standards to deny visitation at the outset of the case. Once a finding has been made that the children's welfare is endangered, however, the court may not modify the judgment without finding that the best interests of the child are served.

In summary, the judgment appealed from must be reversed on two grounds. First, the trial court did not address the threshold inquiry of the children's best interests and made no findings in support of that ultimate fact in accordance with K.R.S. 403.-320(2). Second, since the previous order was unappealed, the court was bound to follow it as the law between the parties and not to consider a modification of visitation without a certification that the appellee is mentally and emotionally stable.

All concur.