RENDERED: JULY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0476-MR

WILLIAM ELMORE                                      APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE SHELLEY SANTRY, JUDGE
                     ACTION NO. 19-CI-503658

STEPHANIE BURKHEAD                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, A. JONES, AND McNEILL, JUDGES.

JONES, A., JUDGE: William Elmore and Stephanie Burkhead are the parents of

H.E.E., their minor daughter ("Child"). On February 23, 2024, Elmore, who was

incarcerated at the time, filed a *pro se* motion with the Jefferson Family Court

asking to be granted visitation with Child. Elmore provided no specifics regarding

the visitation he was requesting; he only requested "the extent of such visits to be

determined by the best interests of [Child]." The family court heard Elmore's motion on March 4, 2024, and it denied his request the following day. Elmore now appeals. Upon review, we affirm.

In its written order denying Elmore's motion, the family court explained in relevant part:

> The Petitioner has been incarcerated on child-based sexual offenses for at least the last five (5) years. The Petitioner has repeatedly requested visitation with the minor child during this period of incarceration. The Court has previously denied these requests on the grounds that the environment would seriously endanger her mental and emotional health. These refusals were supported by the minor child's Guardian Ad Litem. The Court indicated to Petitioner that upon his release, it would reconsider reasonable visitation under the circumstances.
>
> The Petitioner obtained release in early 2024 and submitted such motion for reconsideration. The Court set it for Motion Hour on March 4, 2024, at which point, the Petitioner revealed that he had been taken back into custody because he violated the conditions of his release and was no longer welcome in the halfway house. The Court indicated to the Petitioner that it would remand his motion and he may renew it once he obtains release. The Petitioner objected stating that denial of his visitation was inappropriate according to KRS[1] 403.320(1) which states that "the non-custodial parent cannot be denied reasonable visitation with his or her child[ren] unless there has been a finding that visitation will seriously endanger the child." *Hornback v. Hornback*, Ky. App., 636 S.W.2d 24 (1982). Case law makes clear that incarceration *alone* is not sufficient to deny reasonable

---

[1] Kentucky Revised Statute.

-2-

visitation or terminate parental rights. *Smith v. Smith*, 869 S.W.2d 55, 56 (Ky. App. 1994). However, the Court is always granted the space to make specific findings on why visitation with an incarcerated parent *does* seriously endanger the child.

In this instance, the Court feels strongly that subjecting a child to visitation with the Petitioner in a prison facility that houses sex offenders, including her own father, would generate a great amount of stress, fear, and distress. The Respondent and the Guardian Ad Litem have previously sent the Petitioner packages, at the Court's behest, that included photographs of the minor child. Many of these photos were not delivered and returned to the GAL because of the type of offenders housed with the Petitioner. The Court is simply not going to subject a minor child to such an environment. In addition, the Guardian Ad Litem has consistently opposed the Petitioner's requests for visitation while incarcerated as being counter to his client's best interest. The Court is confident in its continued decision to deny visitation on these grounds.

This appeal followed. As an aside, motions concerning the granting or modification of visitation are subject to CR[2] 52.01, which require a judge to "engage in at least a good faith effort at fact-finding and that the found facts be included in a written order." *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011). Here, Elmore's argument on appeal is not that the family court rendered insufficient findings or otherwise erred relative to its determination that in-person visitation at his correctional facility would have been inappropriate. Rather, his

---

[2] Kentucky Rule of Civil Procedure.

argument is that the family court misunderstood what he was requesting. Elmore clarifies he merely wished to conduct visitation with Child either telephonically or through video conferencing. He asserts that if this point had been properly understood by the family court, it would have altered the family court's calculus in resolving his motion.

However, Elmore did not express that point in his motion for visitation or during the March 4, 2024 hearing. He did not call that point to the family court's attention or request additional findings to address it after the family court clarified, in its March 5, 2024 order, its interpretation of his motion. *See* CR 52.02; CR 52.04;[3] CR 59.05. He has made no request for palpable error review.[4] And, "a party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it." *Little v. Whitehouse*, 384 S.W.2d 503, 504 (Ky. 1964) (citation omitted). We

---

[3] As stated by the Kentucky Supreme Court in *Eiland v. Ferrell*:

> If the findings are objectionable on grounds other than insufficiency of evidence, an objection or appropriate motion should be made to identify the defect. Such would surely apply where findings are ambiguous or incomplete. In particular, CR 52.04 requires a motion for additional findings of fact when the trial court has failed to make findings on essential issues. Failure to bring such an omission to the attention of the trial court by means of a written request will be fatal to an appeal.

937 S.W.2d 713, 716 (Ky. 1997) (citation omitted).

[4] We are not required to review for palpable error – particularly where a party does not request it. *See Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008).

accordingly cannot address the sole issue raised in this appeal, *i.e.*, whether Elmore should otherwise have been entitled to telephonic or video visitation with Child.

Thus, we are constrained to AFFIRM.  Nothing stated in this Opinion should be construed as prohibiting Elmore from seeking visitation in future motions.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

William Elmore, *pro se*
Petersburg, Virginia